AO 241
REV 10/07

# PETITION UNDER 28 USC § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: EASTERN 17-2683 |
|---|---|
| Name (under which you were convicted): CARL A. DUPERON | Docket or Case No.: 509,240 SECT. B MAG. 4 |
| Place of Confinement: DIXON CORRECTIONAL INSTITUTE | Prisoner No.: 101335 |
| Petitioner (include the name under which you were convicted) CARL A. DUPERON V. | Respondent (authorized person having custody of petitioner) JASON KENT, WARDEN |
| The Attorney General of the State of Louisiana | |

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: **22nd Judicial District Court, Parish of St. Tammany**
(b) Criminal docket or case number (if you know): **509,240**

2. (a) Date of the judgment of conviction (if you know): **2-13-12**
(b) Date of sentencing: **2-23-12**

3. Length of sentence: **18 years hard labor**

4. In this case, were you convicted on more than one count or of more than one crime? [ ] Yes [X] No

5. Identify all crimes of which you were convicted and sentenced in this case: **Aggravated Arson, La. R.S. 14:51**

6. (a) What was your plea? (Check one)
[X] (1) Not guilty [ ] (3) Nolo contendere (no contest)
[ ] (2) Guilty [ ] (4) Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? **N/A**

TENDERED FOR FILING

MAR 29 2017

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

AO 241
REV 10/07

(c) If you went to trial, what kind of trial did you have? (Check one)
[X] Jury [ ] Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?
[ ] Yes [X] No

8. Did you appeal from the judgment of conviction?
[X] Yes [ ] No

9. If you did appeal, answer the following:
(a) Name of court: **Louisiana First Circuit Court of Appeals**
(b) Docket or case number (if you know): **2012 KA 0810**
(c) Result: **Affirmed**
(d) Date of result (if you know): **12-21-12**
(e) Citation to the case (if you know) **2012 La. App. Unpub. Lexis 849**
(f) Grounds raised: See attached copies of all filings in this case
(g) Did you seek further review by a higher state court? [ ] Yes [X] No
If yes, answer the following:
(1) Name of court: **N/A**
(2) Docket or case number (if you know): **N/A**
(3) Result: **N/A**
(4) Date of result (if you know): **N/A**
(5) Citation to the case (if you know): **N/A**
(6) Grounds raised: See attached copies of all filings in this case
(b) Did you file a petition for certiorari in the United States Supreme Court? [ ] Yes **[X] No**
If yes, answer the following:
(1) Docket or case number (if you know): **N/A**
(2) Result: **N/A**
(3) Date of result (if you know): **N/A**
(4) Citation to the case (if you know): **N/A**

10. Other than the direct appeals listed above, have you previously filed any other petitions, application, or motions concerning this judgment of conviction in any state court? **[X] Yes** [ ] No

**11.** If your answer to Question 10 was "Yes", give the following information:

(a) (1) Name of court: **22nd Judicial District Court, Parish of St. Tammany**

(2)Docket or case number (if you know): **509,240**

(3) Date of filing (if you know): 7.9.13

(4) Nature of the proceeding: **Post-Conviction**

(5) Grounds raised: See attached copies of all filings in this case

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? [ ] Yes [X] No

(7) Result: **Denied**

(8) Date of result (if you know): 8.14.13

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: **Louisiana First Circuit Court of Appeals**

(2) Docket or case number (if you know): **2015 KW 1375**

(3) Date of filing (if you know): N/A

(4) Nature of the proceeding: **Supervisory Writs**

(5) Grounds raised: See attached copies of all filings in this case

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? [ ] Yes [X] No

(7) Result: **Denied**

(8) Date of Result (if you know): 11.4.15

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: N/A

(2) Docket or case number (if you know): N/A

(3) Date of filing (if you know): N/A

(4) Nature of the proceeding: N/A

(5) Grounds raised: See attached copies of all filings in this case

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? [ ]Yes [ ] No

(7) Result: N/A

(8) Date of result (if you know): N/A

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition: [ ] Yes [X] No

(2) Second petition: [ ] Yes [X] No

(3) Third petition: [ ] Yes [X] No

AO 241
REV 10/07

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not: **I did not appeal to the highest state court due to being housed in a detention center without adequate legal advice or materials to do such.**

**12.** For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE**:

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim): See attached copies of all filings in this case

(b) If you did not exhaust your state remedies on Ground One, explain why: All has been exhausted

(c) **Direct Appeal of Ground One**:

(1) If you appealed from the judgment of conviction, did you raise this issue? [X]Yes [ ] No

(2) If you did not raise this issue in your direct appeal, explain why: N/A

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? [X]Yes [ ] No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: **Post Conviction**

Name and location of the court where the motion or petition was filed: **22nd Judicial District Court, Parish of St. Tammany**

Docket or case number (if you know):**509,240**

Date of the court's decision: 8·14·13

Result: (attach court's opinion or order, if available): attached

(3) Did you receive a hearing on your motion or petition? [ ] Yes [X] No

(4) Did you appeal form the denial of your motion or petition?

[X] Yes [ ] No

(5) If your answer to Question (d) (4) if "Yes," did you raise this issue in the appeal? [X]Yes [ ] No

(6) If your answer to Question (d) (4) is "Yes," state:

Name and location of the court where the appeal was filed:

**Louisiana First Circuit Court of Appeals**

Docket or case number (if you know): **2012 KA 0810**

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):

**Copy attached**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No", explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**13.** Pleas answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? [X] Yes [ ] No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, what ground or grounds have not been presented, and state your reasons for not presenting them: N/A

**14.** Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? [X] Yes [ ] No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

**United States Eastern District of Louisiana**
**2254 Habeas Corpus Petition**
**8-13-15**
**Dismissed Without Prejudice**
**See attached copies of issues raised**

AO 241
REV 10/07

**15.** Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? [ ] Yes **[X] No**
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the ground raised: **N/A**

**16.** Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Michael Capdeboscq
(b) At arraignment and plea: Michael Capdeboscq
(c) At trial: Michael Capdeboscq
(d) At sentencing: Michael Capdeboscq
(e) On appeal: **Bertha M. Hillman, Thibodaux, Louisiana**
(f) In any post-conviction proceeding: ***Pro se***
(g) On appeal from any ruling against you in a post-conviction proceeding: ***Pro se***

**17.** Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? **[** **]** Yes [X] **No**
(a) If so, give name and location of court that imposed the other sentence you will serve in the future: **N/A**
(b) Give the date the other sentence was imposed: **N/A**
(c) Give the length of the other sentence: **N/A**
(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? [ ] **Yes [X] No**

**18.** TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.

AO 241
REV 10/07
REV 10/07

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in art that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: Reversal of the Convictions, Order the Custodian to Release the Petitioner from Custody, Grant a New Trial, and/or any other relief to which petitioner may be entitled.

________________________________

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on this 24 day of March 2017, at Dixon Correctional Institute. Signed on this 24 day of March 2017.

Carl Dugieron
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

Bo

**STATE OF LOUISIANA VERSUS CARL A. DUPERON**
**COURT OF APPEAL OF LOUISIANA, FIRST CIRCUIT**
**2015 La. App. LEXIS 2196**
**NO. 2015 KW 1375**
**November 4, 2015, Decided**

Notice:

DECISION WITHOUT PUBLISHED OPINION

Editorial Information: Prior History

In Re: Carl A. Duperon, applying for supervisory writs, 22nd Judicial District Court, Parish of St. Tarmnany, No. 509,240.State v. Duperon, 2012 La.App. Unpub. LEXIS 849 (La.App. 1 Cir., Dec. 21, 2012)

Judges: BEFORE: WHIPPLE, C.J., WELCH AND DRAKE, JJ.

Opinion

WRIT DENIED.

Jewel E. "Duke" Welch

Ernest G. Drake

Vanessa G. Whipple

U.S. District Court - Eastern District of Louisiana

-------------------------------------------

Carl Duperon 101335
Dixon Correctional Institute
P. O. Box 788
Jackson, LA 70748

-------------------------------------------

Case: 2:14-cv-00323 #14
15 pages.
Thu Aug 13 17:04:20 2015

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CARL DUPERON | CIVIL ACTION |
| VERSUS | NO. 14-0323 |
| DARREN VANOY | SECTION: "B"(1) |

## ORDER AND REASONS

Before the Court is Carl Duperon's ("Petitioner") petition pursuant to 28 U.S.C. § 2254 for writ of habeas corpus.[1] Warden Darren Vannoy ("Respondent") filed an answer and memorandum in opposition to the petition.[2] Petitioner filed a memorandum in opposition to Respondent's answer, and the petition was referred to Magistrate Judge Roby.[3] Magistrate Judge Roby issued a Report and Recommendation on October 17, 2014, wherein she recommended that the petition be dismissed without prejudice.[4] Petitioner filed timely objections to the Magistrate's Report and Recommendation on November 3, 2014.[5]

For the reasons enumerated below, **IT IS ORDERED** that the objections are overruled; the Magistrate's Report and Recommendation is **ADOPTED** and the instant habeas corpus petition is **DISMISSED WITHOUT PREJUDICE.**[6]

---

[1] Rec. Doc. No. 3.
[2] Rec. Doc. Nos. 9, 10.
[3] Rec. Doc. No. 11.
[4] Rec. Doc. No. 12.
[5] Rec. Doc. No. 13.
[6] We are grateful for work on the case by Emma Short, a Loyola University College of Law extern with our Chambers, who is receiving class credit for her work.

Cause of Action and Facts of Case:

The petition arises out of Petitioner's incarceration at the Dixon Correctional Institute in Jackson, Louisiana, stemming from a February 14, 2012, conviction for aggravated arson.[7] Petitioner asserts four claims, alleging that the state courts' denial of relief was contrary to federal law on the following issues: (1) investigation of the issues discussed in his *pro se* brief on appeal would have revealed a different outcome at trial; (2) "ineffective assistant of counsel at trial for failure to adequately represent the petitioner;" (3) "ineffective assistance of appellate counsel for failure to adequately represent the petitioner;" and (4) the clerk of court failed to deliver transcripts to appellate counsel for preparation of Petitioner's brief.[8]

The record reflects that on June 5, 2011, around 9:30 p.m., Lieutenant Kevin Dupuy of the Slidell Police Department received a complaint from a motorist that a thin black male in a light-colored shirt was attempting to set fire to a small, blue building on U.S. Highway 190, in the area also known as Gause

---

[7] Rec. Doc. No. 3; St. Rec. Vol. 1 of 3, Trial Minutes, 2/13/12; Trial Minutes, 2/14/12; Jury Verdict, 2/14/12; Trial Transcript, 2/13-14/12; St. Rec. Vol. 2 of 3, Trial Transcript (continued), 2/13-14/12.

[8] Rec. Doc. No. 3. As stated, Petitioner's claims (2) and (3) are not recognized causes of action. Valid claims for ineffective assistance of counsel at trial include failure to investigate and present an argument or defense or failure to call an important witness. *See Foster v. Lockhart*, 9 F.3d 722, 725 (8th Cir. 1993); *see also Pavel v. Hollins*, 261 F.3d 210, 216-17 (2d Cir. 2001).

Boulevard.[9] While canvassing the area, Lieutenant Dupuy conducted a traffic stop of a car being driven by the Petitioner that he saw exit the driveway of what he thought was a vacant residence at 826 Gause Boulevard.[10]

When Petitioner exited the vehicle, Lieutenant Dupuy saw an open Budweiser can on the driver's-side floorboard of Petitioner's car and a mop bucket holding a two-liter Sprite bottle on the passenger's-side floorboard.[11] The bottle contained a clear liquid, which officers later discovered smelled of gasoline. Additionally, officers found and seized a lighter from the car.[12] After learning that smoke was emanating from the back of 826 Gause Boulevard, Lieutenant Dupuy immediately arrested Petitioner. [13]

Prior to trial, Petitioner filed a motion to suppress the evidence seized from his vehicle on the grounds that the search of his vehicle "was conducted without the authority of a valid search warrant."[14] After the hearing on Petitioner's motion to suppress, the trial court concluded that the evidence found in

---

[9] Facts were taken from the unpublished opinion of the Louisiana First Circuit Court of Appeal on direct appeal. *State v. Duperon*, No. 2012-KA-0810, 2012 WL 6681847, at *1-2 (La. App. 1 Cir. 12/21/12); St. Rec. Vol. 3 of 3, 1st Cir. Opinion, 2012 KA 0810, 12/21/12.
[10] *Duperon*, 2012 WL 6681847, at *1.
[11] *Id.*
[12] *Id.*
[13] *Id.*
[14] *Id.*, at *3.

Petitioner's vehicle was seized incident to arrest and was not subject to suppression.[15]

After a jury trial that began on February 13, 2012, Petitioner was found guilty of aggravated arson.[16] The trial court denied Petitioner's motions for a new trial and for post-verdict judgment of acquittal at a hearing held February 23, 2012.[17] After Petitioner waived legal delays, the court sentenced him to serve eighteen (18) years in prison at hard labor, with the first two years to be served without the benefit of parole, probation, or suspension of sentence.[18] Petitioner's motion to reconsider the sentence was also denied by that court.[19]

On direct appeal, in his first assignment of error, Petitioner's appointed counsel argued that the trial court erred in denying the motion to suppress the evidence seized from the warrantless search of Petitioner's vehicle, arguing the officers lacked reasonable suspicion for the traffic stop.[20] Similarly, in his second assignment of error, Petitioner argued that the trial court erred in denying the motion to suppress where the officer

---

[15] *Duperon*, 2012 WL 6681847, at *1.

[16] St. Rec. Vol. 1 of 3, Trial Minutes, 2/13/12; Trial Minutes, 2/14/12; Jury Verdict, 2/14/12; Trial Transcript, 2/13-14/12; St. Rec. Vol. 2 of 3, Trial Transcript (continued), 2/13-14/12.

[17] St. Rec. Vol. 2 of 3, Sentencing Minutes, 2/23/12; Motion for New Trial, 2/16/12; Motion for Post-Verdict Judgment of Acquittal, 2/16/12.

[18] St. Rec. Vol. 4 of 12, Sentencing Minutes, 2/23/12; St. Rec. Vol. 2 of 3, Sentencing Transcript, 2/23/12.

[19] St. Rec. Vol. 1 of 3, Motion to Reconsider Sentence, 2/23/12; Trial Court Order, 3/12/12; Sentencing Minutes, 2/23/12.

[20] *Duperon*, 2012 WL 6681847, at 2; St. Rec. Vol. 3 of 3, 1st Cir. Opinion, 2012 KA 0810, p. 4, 12/21/12.

did not corroborate the tip before making the traffic stop.[21] Finally, in his third assignment of error, Petitioner argued that the evidence was insufficient to support the verdict.[22] On December 21, 2012, the Louisiana First Circuit Court of Appeal affirmed Petitioner's conviction and sentence, finding the motions to suppress to be procedurally barred from review under La. Code Crim. Proc. arts. 703(F) and 841, and finding no merit in the insufficient evidence claim.[23] Thirty days later, Petitioner's conviction and sentence became final because he did not file for rehearing or seek review in the Louisiana Supreme Court.[24]

Subsequently, Petitioner submitted an application for post-conviction relief to the original trial court, in which he raised the following grounds for relief: (1) "ineffective assistance of counsel at trial for failure to adequately represent the petitioner;" (2) "ineffective assistance of appellate counsel for failure to adequately represent the

[21] *Duperon,* 2012 WL 6681847 at *2-3; St. Rec. Vol. 3 of 3, 1st Cir. Opinion, 2012 KA 0810, pp. 4, 6, 12/21/12.
[22] *Id.*, at 3.
[23] *Id.*, at 3, 5; St. Rec. Vol. 3 of 3, 1st Cir. Opinion, 2012 KA 0810, pp. 4, 6, 12/21/12.
[24] Day thirty (30) was Sunday, January 20, 2013. The next day, Monday, January 21, 2013, was Martin Luther King Day, a federal and state holiday. The deadline therefore fell to the next business day, Tuesday, January 22, 2013. *See* La. Code Crim. Proc. art. 13 (weekends and holidays not included in calculation when it would be the last day of the period); *see also Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008)(citing *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003)) (holding appeal is final when the state defendant does not timely proceed to the next available step in an appeal process).

petitioner;" and (3) failure by clerk of court to deliver transcripts to appellate counsel to file Petitioner's brief.[25]

The trial court denied the application after receiving a response from the State, finding the first issue to be conclusory, the second to be factually incorrect, and the third not appropriate for post-conviction review.[26] Petitioner did not seek further review of this ruling.

On March 28, 2014, Petitioner filed the instant petition for habeas corpus relief in which he alleges that the state courts' denial of relief was contrary to federal law on the following four claims: (1) investigation of the issues discussed in his *pro se* brief on appeal would have revealed a different outcome at trial; (2) "ineffective assistance of counsel at trial for failure to adequately represent the petitioner;" (3) "ineffective assistance of appellate counsel for failure to adequately represent the petitioner;" and (4) the clerk of court failed to deliver transcripts to appellate counsel to file Petitioner's brief.[27]

The State responded, conceding that Petitioner's application was timely, but urging that Petitioner failed to exhaust state court remedies as to all of the claims raised in

[25] St. Rec. Vol. 3 of 3, Uniform Application for Post-Conviction Relief, 7/9/13 (dated 6/25/13).
[26] St. Rec. Vol. 3 of 3, Reasons for Judgment, 8/14/13; Trial Court Judgment, 8/14/13.
[27] Rec. Doc. No. 3.

his petition.[28] Alternatively, the State argued that the issues raised are without merit.[29] Petitioner replied, asking the Court to consider his *pro se* status, his incarceration and limited access to legal materials, and his medical conditions, as grounds for excusing his failure to exhaust his state remedies.[30]

Law and Analysis:

I. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") determines this Court's review of a § 2254 petition.[31] On habeas review under the AEDPA, the threshold questions are whether the petition is timely filed, and whether the claim raised by the petitioner was adjudicated on the merits in state court, *i.e.,* whether the petitioner has exhausted state court remedies and is not in "procedural default" on a claim.[32]

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to

[28] Rec. Doc. Nos. 9, 10.
[29] Rec. Doc. No. 10.
[30] Rec. Doc. No. 11.
[31] The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998)(citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA, signed into law on that date, does not identify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes are effective at the moment they are signed into law. *United States v. Sherrod*, 946 F.2d 1501, 1505 n. 11 (5th Cir. 1992).
[32] *Nobles v. Johnson*, 127 F.3d 409, 419-20(5th Cir. 1997)(citing 28 U.S.C. § 2254 (b)(c)).

requesting federal collateral relief."[33] "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims."[34]

For a federal habeas claim to satisfy the well-established test for exhaustion, the substance of the claim must be fairly presented to the highest state court.[35] "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established review process."[36] In order to satisfy the "fairly presented" requirement, "a federal court claim must be the 'substantial equivalent' of one presented to the state courts."[37] "This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application."[38]

Additionally, for purposes of exhaustion, it is not sufficient for a petitioner to have raised the claims in the lower state courts if the claims were not also raised in the state's highest court.[39] Moreover, a claim is not fairly

---

[33] *Whitehead v. Johnson,* 157 F.3d 384, 387 (5th Cir. 1998)(citing *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)); *Preisier v. Rodriguez*, 411 U.S. 475, 500 (1973); *Nobles*, 127 F.3d at 419.

[34] *Whitehead*, 157 F.3d at 387 (citing *Rose*, 455 U.S. 519-20; 28 U.S.C. § 2254(b)(1)(A)).

[35] *Whitehead*, 157 F.3d at 387 (citing *Picard v. Connor*, 404 U.S. 270, 275-78 (1971)).

[36] *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

[37] *Whitehead,* 157 F.3d at 387 (citing *Picard,* 404 U.S. at 275-78).

[38] *Whitehead*, 157 F.3d at 387 (citing *Nobles*, 127 F.3d at 420); *Wilder v. Cockrell,* 274 F.3d 255, 259 (5th Cir. 2001).

[39] *Baldwin v. Reese*, 541 U.S. 27, 32 (2004).

presented to the state's highest court if that court must read beyond the petition or brief to locate a claim not otherwise clearly raised.[40]

Portions of a magistrate's report and recommendation that are objected to are reviewed de novo.[41] Magistrate Judge Roby's Report and Recommendation concluded that Petitioner failed to exhaust his state remedies related to the claims in his habeas petition.[42] Because Petitioner has objected to the Magistrate Judge's Report and Recommendation, this Court reviews his claim de novo.

II. Analysis

<u>Exhaustion Doctrine</u>

In his first claim, Petitioner alleges that investigation into the issues discussed in his *pro se* brief on appeal and in his post-conviction application would have revealed a different outcome at trial. The record reflects, and the Magistrate Judge found, that Petitioner did not raise this claim to any of the state courts on direct appeal or on post-conviction review.[43] Furthermore, the record reveals, and Petitioner concedes, that the claims Petitioner did raise on direct appeal were not raised above the state trial court level.[44] Because exhaustion requires

---

40 *Baldwin*, 541 U.S. at 32.
41 Fed. R. Civ. P. 72(3).
42 Rec. Doc. No. 12.
43 *Id.*
44 Rec. Doc. No. 3.

Petitioner to raise any claim he would submit for collateral review here to the state's highest court, he has failed to exhaust his state court remedies. In the absence of an applicable exception, non-exhaustion is dispositive as to all of Petitioner's claims.

In his objections to the Magistrate Judge's Report and Recommendation, Petitioner concedes his failure to exhaust state remedies, but prays that the Court will excuse this failure and nevertheless review the petition in light of: (1) his *pro se* status; (2) his limited legal resources while incarcerated; and (3) his medical conditions that required hospitalization during the time he was preparing his application, which he alleges further limited his ability to properly prepare his application.[45] A federal habeas petitioner's failure to exhaust state remedies may only be excused if he can show "good cause" for his procedural default.[46]

The Magistrate Judge found no good cause in the record that would excuse Petitioner for his failure to fully exhaust state remedies.[47] Additionally, inmates do not have a general right to

---

[45] Rec. Doc. No. 13.

[46] *See Glover v. Cains*, 128 F.3d 901, 902 (5th Cir. 1997) (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)); *see also Amos v. Scott*, 61 F.3d 333, 338-39 (5th Cir. 1995).

[47] *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005) (stating that a stay and abeyance is only appropriate in limited circumstances where the petitioner is able to show good cause).

assistance of counsel in state post-conviction proceedings.[48] Therefore, neither Petitioner's *pro se* status nor his limited ability to prepare his habeas application while incarcerated due to a general lack of legal resources would excuse his failure to exhaust.[49]

As to Petitioner's contention that a medical condition hindered his ability to conduct research, good cause turns on whether the petitioner can provide a "reasonable excuse supported by sufficient evidence" to justify his failure to exhaust.[50] Therefore, Petitioner's unsupported claim that he was hospitalized at some point during the preparation of his application will not excuse his failure here.[51]

Conclusion

Because Petitioner is in procedural default for failing to exhaust his state court remedies without good cause, the Magistrate's Report and Recommendation is **ADOPTED** as to claims

---

48 *See Coleman,* 501 U.S. at 757; *see also Newton v. Quarterman*, 272 F.App'x 324 (5th Cir. 2008).

49 *Josselyn v. Dennehy*, 475 F.3d 1, 5 (1st Cir. 2007)(finding ignorance of the law does not constitute "good cause" for failure to exhaust).

50 *See Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014)(finding a "bald assertion" will not excuse a petitioner's failure to exhaust); *see also Pace v. DiGugliemo*, 504 U.S. 408, 416 (2005).

51 *Cf. Roberts v. Norris*, 526 F.Supp2d 926 (E.D. Ark. 2007) (finding good cause for Petitioner's failure to exhaust state remedies when he was suffering from a brain injury at the time of waiver of right to direct appeal and right to seek post-conviction relief); *see also Lombardi v. Scully*, No. CV-87-3249, 1988 WL 52218, at *2 (E.D.N.Y. May 11, 1988)(exhaustion requirement not waived when Petitioner alleged transcripts and papers requested for his appeal were taken from him while he was hospitalized).

1, 2, 3, and 4. Therefore, the petition for issuance of a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

New Orleans, Louisiana, this 13th day of August, 2015.

UNITED STATES DISTRICT JUDGE

MIME-Version:1.0
From:Efile_Notice@laed.uscourts.gov
To:Efile_Information
Bcc:
--Case Participants: Kathryn W. Landry (kathilandry@aol.com)
--Non Case Participants:
--No Notice Sent:

Message-Id:<7455416@laed.uscourts.gov>
Subject:Activity in Case 2:14-cv-00323-ILRL Duperon v. Vannoy et al Order Adopting Report and Recommendations
Content-Type: text/plain
This is an automatic e-mail message generated by the CM/ECF system.
Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** There is no charge for viewing opinions.

U. S. District Court
Eastern District of Louisiana

Notice of Electronic Filing
The following transaction was entered on 8/13/2015 4:35 PM CDT and filed on 8/13/2015

Case Name: Duperon v. Vannoy et al

Case Number: 2:14-cv-00323-ILRL
https://ecf.laed.uscourts.gov/cgi-bin/DktRpt.pl?161053

Filer:

Document Number: 14

Copy the URL address from the line below into the location bar of your Web browser to view the document:
https://ecf.laed.uscourts.gov/doc1/08517872992?caseid=161053&de_seq_num=49&magic_num=MAGIC

Docket Text:
ORDER ADOPTING REPORT AND RECOMMENDATIONS [12]. Signed by Judge Ivan L.R. Lemelle.(ijg)

2:14-cv-00323-ILRL Notice has been electronically mailed to:
Kathryn W. Landry kathilandry@aol.com

2:14-cv-00323-ILRL Notice has been delivered by other means to:
Carl Duperon
101335
Dixon Correctional Institute
P. O. Box 788
Jackson, LA 70748

The following document(s) are associated with this transaction:
Document description: Main Document
Original filename: n/a

Electronic document Stamp:
[STAMP dcecfStamp_ID=1091133085 [Date=8/13/2015] [FileNumber=7455415-0]
[8ab9410ee94c4cd0c447f96957df68db5a4148736ba74a90242169183241c46dc9038e78cc
8ae17d25663f7a3bc5079c390ccd9036bbd1d3fdbadb95a11dfcc3]]

TWO PAGES WENT TO COURT FOR POST CONVICTION

**INDEX**


| | |
|---|---|
| **JURISDICTION** | **1.** |
| **STATEMENT OF THE CASE** | **1.** |
| **ACTION OF THE TRIAL COURT** | **1.** |
| **FACTS** | **2.-3.** |
| **ISSUE** | **3.** |
| **ASSIGNMENT OF ERROR** | **3.** |
| **ARGUMENT** | **3.-9.** |
| **CONCLUSION** | **9.** |
| **CERTIFICATE** | **9.** |
| **APPENDIX** | |
| **Minute Entry of Sentencing** | |

**FACTS**

On June 5, 2011, Lieutenant Dupuy of the Slidell Police Department received a call from a motorist on Highway 190 who reported seeing a thin black male wearing a light colored shirt around the back of a small blue building next to the Camellia Café. The caller reported seeing smoke coming out of the back of the building and assumed the black male was setting fire to the building (Rec., p. 178). Officers from the Slidell Police Department drove to the area but were unable to locate a small blue building. Approximately two or three blocks away from the Camellia Grill, Officer Dupuy saw the defendant, Carl Duperon, in a silver BMW pulling out of a driveway in front of a white house. Officer Dupuy testified that he activated his lights and siren and conducted a traffic stop because he could see that the driver was a black male (Rec., pp.185, 187). He admitted that the black male had committed no traffic violation, and he could not recall seeing what the defendant was wearing ( Rec., pp. 184-185). He testified that he was suspicious because he assumed that the white house ,which was occupied by Denise Herman, was a vacant house (Rec., pp.187, 190).

Mr. Dupreon got out of the car and told the officer that he had been to the grocery store and was on his way home. He said he was at the house looking for a friend, Michael Washington, who owed him money (Rec., p.185). Officer Dupuy testified that he could smell an order of smoke on Duperon and when he looked inside the car he saw a container containing a clear liquid, possibly gas, in the car. Officer Dupuy radioed officer Jake Morris, who had also responded to the call, and told him to check the white house (Rec., p.180).

Officer Morris and Officer Knight saw a fire at the back of the white house and extinguished it. While they were extinguishing the fire, Denise Herman climbed out

a window (Rec., 181). The defendant was arrested and charged with aggravated arson. The officers seized a bottle of clear liquid which smelled like gasoline and a cigarette lighter from the defendant's car (Rec., pp. 181-182).

At the Slidell Police Department, the defendant was questioned by Detective Brian Dale Brown. Detective Brown testified that the defendant smelled like smoke. In addition to the evidence seized when the defendant was stopped, Detective Brown collected the defendant's clothing (Rec., p.195).

**ISSUE**

**WHETHER THE COURT ERRED IN DENYING THE DEFENDANT'S MOTION TO SUPPRESS EVIDENCE SEIZED AS THE RESULT OF AN ILLEGAL TRAFFIC STOP?**

**ASSIGNMENT OF ERROR**

**IT WAS ERROR FOR THE COURT TO DENY THE DEFENDANT'S MOTION TO SUPPRESS EVIDENCE WHICH WAS SEIZED WITHOUT A WARRANT WHEN THE OFFICER DID NOT HAVE REASONABLE SUSPICION THAT THE DEFENDANT HAD COMMITTED A CRIME WHEN HE CONDUCTED A TRAFFIC STOP.**

**ARGUMENT**

Officer Dupuy received an anonymous tip from a motorist who reported seeing a thin, black male wearing a light colored shirt at the back of a small blue building next to Camellia Cafe. The caller could see a flame at the back of the building and believed the man was starting a fire (Rec., p.178). Officer Dupuy drove to Camellia

Café but could not find a blue house, nor did he see a thin black male in the area. He did see the defendant, who was driving a silver BMW three blocks away, pull out of the driveway of a white house occupied by Denise Harmon (Rec., pp. 183, 187). Officer Dupuy stopped the defendant because he could see that the driver was a black male ( Rec.,p. 185). Dupuy testified that he was suspicious because of his subjective belief that the house was vacant when it was actually occupied by Ms. Harmon. Dupuy admitted that the defendant did not commit a traffic violation and he did not recall seeing that the defendant was wearing a light colored shirt. After the defendant had been detained and questioned, officers discovered a fire behind the white house.

The officers seized a bottle of clear liquid which smelled like gasoline when they removed the cap at the scene and a cigarette lighter found in the console of the car. At the police station the police also collected the defendant's clothing for evidence because the clothes smelled like smoke.

The defendant filed a motion to suppress evidence seized from the automobile and the court denied the motion, finding that the evidence was seized pursuant to a lawful arrest (Rec., p.203). This was not a lawful arrest. There was no reasonable suspicion for the investigatory stop. The officer admitted that he stopped the defendant because the defendant is a black male and was leaving the driveway of a house the officer mistakenly believed to be vacant. The tipster said the suspicious person was standing behind a blue house next to Camellia Cafe and was wearing a light colored shirt. The defendant was driving a car three blocks away, was leaving the driveway of a white house and the officer could not see his shirt. The only corroborative information was that the defendant is a black male.

In Louisiana, a police officer "may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an

offense and may demand of him his name, address, and an explanation of his actions." ***La. Code Crim. Proc. art. 215.1(A).*** In determining whether the police possessed the requisite minimal level of objective justification for an investigatory stop based on reasonable suspicion of criminal activity, reviewing courts look at the totality of the circumstances, allowing officers to make inferences from and deductions about the cumulative information available to them based on their own experience and specialized training. ***U.S. v. Arvizu, 534 U.S. 266, 273 (2002); State v. James, 2007-1104, p. 3 (La. App. 4 Cir. 3/5/2008), 980 So.2d 750, 752; see also State v. Williams, 421 So.2d 874, 875 (La. 1982)*** (to determine whether a reasonable, articulable suspicion existed, the court must weigh all of the circumstances known to the police at the time the stop was made).

Investigatory stops require reasonable suspicion of criminal activity. ***State v. Boss, 04-457 (La. App. 5 Cir. 10/26/04), 887 So.2d 581, 585.*** Reasonable suspicion is something less than probable cause to arrest and requires that police officers have sufficient knowledge of facts and circumstances to justify an infringement of the individual's right to be free from government interference. ***State v. Chauvin, 06-362 (La. App. 5 Cir. 10/31/06), 945 So.2d 752, 757-58.*** Absent reasonable suspicion, an investigatory stop is illegal and the evidence seized as a result is suppressible.

The determination of reasonable grounds for an investigatory stop does not rest on the officer's subjective beliefs or attitudes, but is dependent on an objective evaluation of all the circumstances known to the officer at the time of his challenged action. ***State v. Kalie, 96-2650 (La. 9/19/97), 699 So.2d 879, 880.*** In determining whether the officer acted reasonably in such circumstances, due weight must be given, not to his inchoate and unparticularized suspicion or hunch, but to the specific reasonable inferences that he is entitled to draw from the facts in light of his

experience. A reviewing court must take into account the totality of the circumstances, giving deference to the inferences and deductions of a trained police officer that might elude an untrained person. An officer's experience, his knowledge of recent criminal patterns, and his knowledge of an area's frequent incidence of crimes are factors that may support reasonable suspicion for an investigatory stop.

Under certain circumstances, an anonymous tip can provide reasonable suspicion to detain and question a person. Generally, there must be some corroboration of the anonymous tip and the tip must contain predictive information regarding the future behavior of the reported suspect. ***Alabama v. White, 496 U.S. 325, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990); State v. Robertson, 97-2960 (La. 10/20/98), 721 So.2d 1268, 1270; State v. Sam, 988 So.2d 765 (La. 05/15/09).***

Whether an anonymous tip establishes reasonable suspicion to conduct an investigatory stop is considered under the totality of the circumstances. The sufficiency of an anonymous tip is determined by the reliability of its assertion of illegality and not just its tendency to identify a determinate person. ***State v. Boss, 887 So.2d at 586***. "If the tip has a relatively low degree of reliability, more information will be required to establish the requisite quantum of suspicion than would be required if the tip were more reliable." ***Alabama v. White, 496 U.S. at 330, 110 S.Ct. at 2416.***

The anonymous caller's ability to predict the suspect's future behavior goes towards reliability, as it demonstrates inside information and a special familiarity with the suspect's affairs. ***State v. Boss, 887 So.2d at 586.*** Predictive ability is not always necessary; a non-predictive tip coupled with police corroboration or independent police observation of suspicious activity can provide the police with the requisite reasonable suspicion to detain a suspect. ***State v. Triche, 03-149 (La. App. 5 Cir.***

***5/28/03), 848 So.2d 80, 85.***

With no predictive tip, no corroboration of the tip given, and no observation of suspicious activity, Deputy Dupuy lacked reasonable suspicion to conduct an investigatory stop of the vehicle in which defendant was riding. A review of the jurisprudence supports this conclusion.

In ***State v. Robertson, 721 So.2d at 1270-1271***, the Louisiana Supreme Court found the officers lacked reasonable suspicion to stop the defendant. The officers received an anonymous tip that the defendant, who was named and described, was selling drugs. The tip also described the vehicle that the defendant drove and stated where the vehicle would be parked when the defendant was not using it to sell drugs. The officers went to the location and saw the vehicle being driven away. They followed the vehicle and when the defendant stopped, the officers detained him and called for a canine unit. The supreme court found that, although the officers corroborated certain aspects of the tip, such as the defendant's name, physical description, and the location of the vehicle, the tip contained no predictive information, and therefore, there was no reasonable suspicion to stop defendant.

Likewise, in ***State v. Wilson, 99-2334 (La. App. 4 Cir. 3/15/00), 758 So.2d 356***, the Fourth Circuit held the police lacked reasonable suspicion to conduct an investigatory stop and reversed the trial court's denial of the defendant's motion to suppress. The officers testified they received a call from dispatch that an anonymous caller reported a suspicious person at a specific location. The dispatcher gave a description of the suspect and the clothes he was wearing and noted the suspect was "possibly" selling drugs. The officers observed the defendant, who fit the description broadcast by the dispatcher, at the given location. The defendant entered a nearby store and the officers followed him and asked him to step outside. The officers

conducted a pat down search and discovered cocaine on defendant's person. The Fourth Circuit found the information received by the police from an anonymous caller did not provide the reasonable suspicion required for an investigatory stop. The court noted there was no information elicited during the suppression hearing or trial regarding the anonymous caller's veracity, reliability, or basis of knowledge. The court further noted there was no testimony that the officers saw the defendant engage in suspicious activity when they arrived at the scene, and thus, there was no independent corroboration that defendant was engaged in criminal activity. The court also noted that there was no evidence that the area was a high crime area or an area known for drug trafficking. The court commented that aside from a description of the clothing worn by the defendant, the only evidence of suspicious activity was the anonymous tip that the suspect was "possibly" selling drugs at a specific location. As such, the Fourth Circuit found there was no reasonable suspicion to detain the defendant. ***State v. Wilson, 758 So.2d at 361.***

See also, ***State v. Herrington, 07-70 (La. App. 4 Cir. 6/20/07), 961 So.2d 1271, writ denied, 07-1528 (La. 8/31/07), 962 So.2d 429, and State v. Lee, 485 So.2d 555 (La. App. 5 Cir. 1986),*** where the appellate courts concluded that the police officers did not have reasonable suspicion to stop the defendants, and therefore, the trial court erred in denying the defendants' motions to suppress evidence.

Most recently, ***In State V. Lane, 24 So.3d 920 (La. App. 5 Cir., 2009)*** the court also found that the State failed to meet its burden of showing that the stop of defendant was justified. The deputy in that case simply testified that he responded to a call of a suspicious person at a strip mall and that the anonymous caller advised of possible drug activity. He went to the identified location, looking for a maroon SUV. As he approached the parking lot, he saw a maroon SUV leaving. He immediately

blocked it in and initiated a stop by activating all his lights. There was no information either during the suppression hearing or at trial regarding the anonymous caller's veracity, reliability, or basis of knowledge. The deputy admitted he never spoke with the caller and had no information about the anonymous caller. Additionally, the anonymous tip contained no predictive information. Finally, there was no independent corroboration that defendant was engaged in criminal activity. The deputy admitted he did nothing to verify the anonymous tip, which contained only scant information, and stopped the vehicle in an attempt to verify the information. He stated the sole reason he stopped the vehicle was based on the anonymous call.

In the absence of any suspicious conduct or corroboration of information from which Deputy Dupuy could conclude the anonymous caller's allegation of criminal activity was reliable, there was no reasonable suspicion to stop defendant and the evidence seized as a result of that stop should be suppressed.

## CONCLUSION

The court erred in denying the defendant's motion to suppress evidence. This matter should be remanded for a new trial without the illegally seized evidence.

Respectfully Submitted,

Bertha M. Hillman

**LOUISIANA APPELLATE PROJECT**

Bertha M. Hillman
Appellate Counsel Bar Roll # 20861
410 St. Phillip Street
Thibodaux, Louisiana 70301
(985) 446-5480

**CERTIFICATE**

I hereby certify that the foregoing original brief of appellant, Carl A. Duperon, has been served upon the State of Louisiana through the Honorable Walter P. Reed, District Attorney, Parish of St. Tammany, on the trial judge, William J. Knight and on Carl A. Duperon at Concordia Parish Correctional Center by depositing the same in the U.S. mail, postage prepaid and properly addressed, on the 4th day of June, 2012.

Bertha M. Hillman

Bertha M. Hillman

SUPREME COURT OF LOUISIANA
WRIT APPLICATION FILING SHEET

NO. ____________________

TO BE COMPLETED BY COUNSEL or PRO-SE LITIGANT FILING APPLICATION

TITLE

STATE OF LOUISIANA

VS.

CARL A. DUPERON

Applicant: CARL A. DUPERON
Have there been other filing in this Court in this matter? ____ Yes XX No

Are you seeking a Stay Order? NO
Priority Treatment? NO
If so you MUST complete & attach a Priority Form

LEAD COUNSEL/PRO SE LITIGANT INFORMATION

| APPLICANT: PETITIONER | RESPONDENT: DISTRICT ATTORNEY |
|---|---|
| Name: Carl A. Duperon | Name: Warren Montgomery |
| Address: P.O. Box 788 | Address: 701 N. Columbia St. |
| Jackson, La. 70748 | Covington, La. 70433 |
| Phone No. ________ Bar Roll No. ________ | Phone No. ________ Bar Roll No. ________ |

Pleading being filed: __ In proper person, XX In Forma Pauperis

Attach a list of additional counsel/pro se litigant, their addresses, phone numbers and the parties they represent.

TYPE OF PLEADING

__ Civil, XX Criminal, __ R.S. 46:1844 protection, __ Bar, __ Civil Juvenile, __ Criminal Juvenile, __ Other __ CINC, __ Termination, __ Surrender, __ Adoption, __ Child Custody

ADMINISTRATIVE OR MUNICIPAL COURT INFORMATION

Tribunal/Court: N/A Docket No. N/A

Judge/Commissioner/Hearing Officer: N/A Ruling Date: N/A

DISTRICT COURT INFORMATION

Parish and Judicial District Court: St. Tammany 22ND JDC Docket Number: 509 240

Judge and Section: William J. Knight Sec "J" Date of Ruling/Judgment: ____________

APPELLATE COURT INFORMATION

Circuit: First Docket No. 2015-KW-1375 Action: Writ of Supervisory and Review

Applicant in Appellate Court: Carl A. Duperon Filing Date: 9-4-15

Ruling Date: 11-4-15 Panel of Judges: Whipple, Welch and Drake En Banc: _

REHEARING INFORMATION

Applicant: N/A Date Filed: N/A Action on Rehearing N/A

Ruling Date: N/A Panel of Judges: N/A En Banc: __

PRESENT STATUS

__ Pre-Trial. Hearing/Trial Scheduled date: N/A, __ Trial in Progress, __ Post Trial

Is there a stay now in effect? _____ Has this pleading been filed simultaneously in any other court? ________

If so, explain briefly N/A

VERIFICATION

I certify that the above information and all of the information contained in this application is true and correct to the best of my knowledge and that all relevant pleadings and rulings, as required by Supreme Court Rule X, are attached to this filing. I further certify that a copy of this application has been mailed or delivered to the appropriate court of appeal (if required), to the respondent judge in the case of a remedial writ, and to all other counsel and unrepresented parties.

11-16-15
DATE

Carl Duperon
SIGNATURE

C/Documents and Setting\Local Setting\Temp\Filing Sheet.wpd

Revised 10-11-20

IN THE

SUPREME COURT OF LOUISIANA

STATE OF LOUISIANA

NUMBER: ______________________

STATE OF LOUISIANA

VERSUS

CARL A. DUPERON

APPELLATE COURT DOCKET NO. 2015-KW-1375
FIRST CIRCUIT COURT OF APPEAL
CRIMINAL DOCKET NO. 509240
22ND DISTRICT COURT
PARISH OF ST. TAMMANY
STATE OF LOUISIANA
HONORABLE WILLIAM J. KNIGHT DIV. "J"
JUDGE PRESIDING

PETITION FOR WRITS OF CERTIORARI, AND REVIEW

AN ORIGINAL BRIEF FILED ON BEHALF OF

CARL A. DUPERON, DEFENDANT/APPELLANT

RESPECTFULLY SUBMITTED:

Carl Duperon

CARL A. DUPERON #101335
DIXON CORRECTIONAL INSTITUTE
P.O. BOX 788 / U-2-D-1
JACKSON, LA 70748-0788

## INDEX

PAGE

Statement of Jurisdiction

Statement of the Proceedings

Reasons for Granting Consideration

Specifications of the Claim

Argument

Conclusion

Certificate of Service

## TABLE OF AUTHORITY

**STATUTES**

Article 5, Section 10, of the Louisiana Constitution of 1974

U.S.C.A. Const. Amend. 14

## THE HONORABLE SUPREME COURT OF LOUISIANA:

The petition of CARL A. DUPERON, defendant herein, filing an Application for Writ of Certiorari, and Review in matter No. 2015-KW-1375, on the docket of the First Circuit Court of Appeal and Docket No. 509240, 22ND Judicial District Court, for the Parish of St. Tammany.

## STATEMENT OF JURISDICTION

Jurisdiction vests in this Honorable Court under and by virtue of the provisions of Article 5, Section 10, of the Louisiana Constitution of 1974, as amended, granting the jurisdiction over reviews arising within.

## STATEMENT OF THE PROCEEDINGS

On the 4 day of September, 2015, the petitioner filed Writs of Supervisory and Review to the First Circuit Court of Appeal. On the 4 day of November, 2015, the First Circuit Court of Appeal denied relief .

The Trial Court and the Appellate Court Erred in denying petitioner's Motion.

## REASONS FOR GRANTING CONSIDERATION

The standard utilized conflicts with the decisions rendered under Due Process and Equal Protection of the Law. The Trial Court Judge and the Appellate Court used an Abuse of Discretion in rendering the decision to dismiss the defendant's Application.

The erroneous application of this standard by the trial court has caused a material injustice to the defendant and significantly affects the public interest.

The trial court judge and appellate court has erroneously applied the Laws of Louisiana and the United States, by denying the petitioner's application. The trial court's decision has caused a material injustice to the petitioner.

## CONCLUSION

WHEREFORE, considering the facts and laws being in his favor, Carl A. Duperon, respectfully prays that this Honorable Court will reverse his Conviction(s) and Sentence(s), granting any other relief to which he may be entitled.

Respectfully submitted:

Carl A. Duperon

Carl A. Duperon # 101335
Dixon Correctional Institute
P.O. Box 788 / U-2 D-1
Jackson, LA 70748-0788

**CERTIFICATE OF SERVICE**

I hereby certify that, I have on this date served a copy of the foregoing on the District Attorney's Office for the Parish of St. Tammany by placing the same in the United States Mail, Postage Prepaid and Properly Addressed on this 16 day of NOVEMBER 2013. Jackson, Louisiana.

Carl A. Duperon # 101335

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER: ______________________

---

STATE OF LOUISIANA

VERSUS

CARL A. DUPERON

---

CRIMINAL DOCKET NO. 509240 DIV. "J"
TWENTY-SECOND DISTRICT COURT
PARISH OF ST. TAMMANY
STATE OF LOUISIANA
HONORABLE WILLIAM J. KNIGHT
JUDGE PRESIDING

PETITION FOR WRITS OF SUPERVISORY AND REVIEW

AN ORIGINAL BRIEF FILED ON BEHALF OF

CARL A. DUPERON, PETITIONER

RESPECTFULLY SUBMITTED:

Carl Duperon

CARL A. DUPERON #101335
DIXON CORRECTIONAL INSTITUTE
P.O. BOX 788 / U-2-D-1
JACKSON, LA 70748-0788

**THE HONORABLE FIRST CIRCUIT COURT OF APPEAL**

The petition of CARL A. DUPERON, petitioner herein, filing an Application for Writ of Supervisory, and Review in matter No. 509240 Div. "J", on the docket of the Twenty Second District Court, for the Parish of St. Tammany.

## STATEMENT OF JURISDICTION

Jurisdiction vests in this Honorable Court under and by virtue of the provisions of Article 5, Section 10, of the Louisiana Constitution of 1974, as amended, granting the Circuit Courts of Appeal control of and general supervisory jurisdiction over appeals arising within their circuits.

## STATEMENT OF THE PROCEEDINGS

On the 25th day of June 2013, petitioner filed an Application for Post-Conviction Relief, to the Trial Court.

The Trial Court Erred in denying petitioner's Application for Post Conviction Relief.

It is from that decision this Writ Application arises.

## REASONS FOR GRANTING CONSIDERATION

The standard utilized conflicts with the decisions rendered under Due Process and Equal Protection of the Law. The Trial Court Judge used an Abuse of Discretion in rendering the decision to dismiss the petitioner's Application.

The erroneous application of this standard by the trial court has caused a material injustice to the defendant and significantly affects the public interest.

The trial court judge has erroneously applied the Laws of Louisiana and the United States, by denying the petitioner's Application. The trial court's decision has caused a material injustice to the defendant.

**CONCLUSION**

WHEREFORE, considering the facts and laws being in his favor, CARL A. DUPERON, respectfully prays that this Honorable Court reverses the Conviction(s) and Sentence(s), or remands the this case to the Trial Court for an Evidentiary Hearing and/or grants any other relief to which he may be entitled.

Respectfully submitted:

Carl Duperon

Carl A. Duperon #101335
Dixon Correctional Institute
P.O. Box 788 / U2-D-1
Jackson, LA 70748-0788

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Writ of Supervisory has been served on the District Attorney's Office for the Parish of St. Tammany by placing the same in the United States Mail, Postage Prepaid, and Properly Addressed on this 16 day of NOVEMBER, 2015 2015. Jackson, Louisiana.

Carl Duperon

Carl A. Duperon #101335

APPENDIX "A" -- UNIFORM APPLICATION FOR POST-CONVICTION RELIEF

## UNIFORM APPLICATION FOR POST-CONVICTION RELIEF

CARL DUPERON
NAME OF PETITIONER

No. ______
(to be filled in by the clerk)

1D1335
PRISON NUMBER

22 ND JUDICIAL DISTRICT

Dixon Correctional Institute
PLACE OF CONFINEMENT

PARISH OF ST. TAMMANY

STATE OF LOUISIANA

vs.

STEVE RADER WARDEN, ET. AL
CUSTODIAN (Warden, Superintendent, Jailor, or authorized person having custody of petitioner)

Please Serve CUSTODIAN and ___, DISTRICT ATTORNEY, 22 ND JUDICIAL DISTRICT, STATE OF LOUISIANA.

### INSTRUCTIONS--READ CAREFULLY

(1) This petition must be legibly written or typed, signed by the petitioner and sworn to before a notary public or institutional officer authorized to administer an oath. Any false statement of a material fact may serve as the basis for a criminal prosecution. All questions must be answered concisely in the proper space on the form. Additional pages are not permitted except with respect to the facts which you rely upon to support your claims for relief. No citation of authorities or legal arguments are necessary.

(2) Only one judgment may be challenged in a single petition except that convictions on multiple counts of a single indictment or information may be challenged in one petition.

(3) YOU MUST INCLUDE ALL CLAIMS FOR RELIEF AND ALL FACTS SUPPORTING SUCH CLAIMS IN THE PETITION.

(4) When the petition is completed, the original must be mailed to the clerk of the district court in the parish where you were convicted and sentenced.

(5) You must attach official documentation showing your sentence and the crime for which you have been convicted. You may obtain that documentation from the clerk of court of the district court of the parish where you were sentenced or from the institution where you are confined. If that documentation is not attached, you must allege what steps were taken to obtain it.

(6) Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

PETITION

1. Name and location of court which entered the judgment of conviction challenged

22Nd Judicial District Court - Parish of St. Tammany

2. Date of judgment of conviction FEBRUARY, 12, 13, 14, 2012

3. Length of sentence 18 YEARS HARd LABOR

4. Nature of offense involved (all counts) ONE COUNT OF AGGRAVATEd ARSON

5. What was your plea? (check one)

(a) Not guilty (✓)

(b) Guilty ( )

(c) Not guilty and not guilty by reason of insanity ( )

If you entered a guilty plea to one or more counts and not guilty to other counts, give details

Did'n PLEA GUILTY

(d) Name and address of the lawyer representing you at your plea (if you had no lawyer, please indicate)

MICHAEL CAPdEBOSCA 22Nd Judicial District Court Division J,

(e) Was the lawyer appointed ( ) or hired ( )? (check one)

6. Kind of trial: (check one)

(a) Jury (✓)

(b) Judge only ( )

7. (a) Name and address of the lawyer representing you at your trial:

MICHAEL CAPdEBOSCA 22Nd Judicial District Court Division J,

(b) Was the lawyer appointed (✓) or hired ( )? (check one)

8. Did you testify at the trial? Yes ( ) No (✓)

9. (a) Give the name and address of the lawyer who represented you at sentencing for the conviction being attacked herein. MICHAEL CAPdEBOSCA 22Nd Judicial District Court Division J,

(b) Was the lawyer appointed (✓) or hired ( )? (check one)

10. Did you appeal from the judgment of conviction? Yes (✓) No ( )

11. If you did appeal, give the following information:

(a) Citation, docket number, and date of written opinion by the Supreme Court (if known)

2012 KA 0810 DEC. 21 2012 (COURT OF APPEALS)

(b) Name and address of lawyer representing you on appeal:

BERTHA M. HILLMAN 410 ST. PHILLIP ST. SUITE A. THIBODAUX, LA. 70301

(c) Was the lawyer appointed (✓) or hired ( )? (check one)

12. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any application for post-conviction relief with respect to this judgment in any state or federal court? Yes ( ) No (✓)

13. If your answer to 12 is "yes", give the following information:

(a)(1) Name of court NONE

(2) Nature of proceeding NONE

(3) Claims raised NONE

(4) Did you receive an evidentiary hearing on your application? Yes ( ) No (✓)

(5) Was relief granted or denied? NO

(6) Date of disposition NONE

(7) Citation of opinion (if known) NONE

(8) Name and address of lawyer representing you [if none, so state]:

NONE

(9) Was the lawyer appointed ( ) or hired ( )? (check one)

(b) As to any second application give the same information:

(1) Name of court NONE

(2) Nature of proceeding NONE

(3) Claims raised NONE

(4) Did you receive an evidentiary hearing on your application?

Yes ( ) No (✓)

(5) Was relief granted or denied? NO

(6) Date of disposition NONE

(7) Citation of opinion (if known) NONE

(8) Name and address of lawyer representing you [if none, so state]:

NONE

(9) Was the lawyer appointed ( ) or hired ( )? (check one)

(c) Have you filed any other applications for post-conviction relief with respect to the challenged conviction? Yes ( ) No (✓)

If "yes", set forth the details (as above) on separate paper and attach.

(d) Did you appeal or seek writs of review from the denial of any post-conviction application?

(1) First petition, etc. Yes ( ) No (✓)

(2) Second petition, etc. Yes ( ) No (✓)

(e) If you did not appeal or seek writs from the denial of any post-conviction application, explain briefly why you did not:

PETITIONER NEVER FILED ANY OTHER POST-CONVICTION, THIS IS MY FIRST

(f) Name of the lawyer who represented you on appeal from the denial of any post-conviction application [if none, so state]:

(1) First petition NONE

(2) Second petition NONE

## CLAIMS FOR RELIEF

State concisely facts supporting your claim that you are being held unlawfully. If necessary, you may attach extra pages stating additional claims and supporting facts. Do not argue points of law.

The following is a list of those claims, and only those claims, that may provide you with grounds for relief:

(1✓) Your conviction was obtained in violation of the constitution of the United States or the State of Louisiana;

(2) The court exceeded its jurisdiction;

(3) Your conviction or sentence subjected you to double jeopardy;

(4) The limitations on prosecution had expired;

(5) The statute creating the offense for which you were convicted and sentenced is unconstitutional;

(6) The conviction or sentence constitute the ex post facto application of law in violation of the Constitution of the United States or the State of Louisiana.

A REMINDER: THE ABOVE LIST CONTAINS ONLY THOSE CLAIMS THAT YOU MAY RAISE FOR RELIEF. YOU MUST SET FORTH ALL OF YOUR COMPLAINTS ABOUT YOUR CONVICTION IN THIS APPLICATION. YOU MAY BE BARRED FROM PRESENTING ADDITIONAL CLAIMS AT A LATER DATE. Remember that you must state the FACTS upon which your complaints about your conviction are based. MERE CONCLUSORY ALLEGATIONS WILL NOT SUFFICE.

## REPETITIVE APPLICATIONS

The above claims may not provide grounds for relief if any of the following applies to you:

(1) Unless required in the interest of justice, any claim for relief which you fully litigated in an appeal shall not be considered.

(2) Any claim of which you had knowledge and inexcusably failed to raise in the proceeding leading to conviction may be denied by the court.

(3) Any claim which you raised in the trial court and inexcusably failed to pursue on appeal may be denied by the court.

(4) A successive application may be dismissed if it fails to raise a new or different claim.

(5) A successive application may be dismissed if it raises a new or different claim that was inexcusably

omitted from a prior application.

This application will provide space for you to explain the reasons why you failed to raise your claims in the proceedings leading to conviction, or failed to urge the claim on appeal, or failed to include the claim in a prior application.

## CLAIM I

Claim:
CONSIDER INEFFECTIVE TRIAL ATTORNEY BY FAILING TO ADEQUATELY REPRESENT PETITIONER.

(a) Supporting FACTS (tell your story briefly without citing cases or law):
TRIAL ATTORNEY FAIL TO ATTACK DENIAL FOR MOTION TO SUPPRESS EVIDENCE. SEE ATTACHMENT

(b) List names and addresses of witnesses who could testify in support of your claim. If you cannot do so, explain why:
PETITIONER DON'T HAVE ANY WITNESSES IN PETITIONER BEHALF, JUST THE COURT RECORDS.

(c) If you failed to raise this ground in the trial court prior to conviction, on appeal or in a prior application, explain why: BOTH TRIAL AND APPELLATE WAS INEFFECTIVE.

## CLAIM II

Claim:
CONSIDER INEFFECTIVE APPELLATE ATTORNEY BY FAILING TO ADEQUATELY REPRESENT PETITIONER.

(a) Supporting FACTS (tell your story briefly without citing cases or law):
APPELLATE ATTORNEY ONLY ARGUED ONE ERROR, THAT'S BECAUSE APPELLATE DIDN'T HAVE PETITIONER TRANSCRIPTS.

(b) List names and addresses of witnesses who could testify in support of your claim. If you cannot do so, explain why:
BERTHA M HILLMAN APPELLATE ATTORNEY (410 ST. PHILLIP ST. SUITE A) THIBODAUX, LA. 70301.

(c) If you failed to raise this ground in the trial court prior to conviction, on appeal or in a prior application, explain why: APPELLATE AND TRIAL ATTORNEY WAS INEFFECTIVE. SEE ATTACHMENT

## CLAIM III

Claim:
CLERK OF COURT FAILED TO GET TRANSCRIPTS FOR APPELLATE COUNSEL TO FILE PETITIONER BRIEF

(a) Supporting FACTS (tell your story briefly without citing cases or law):
ON 3/13/12 CLERK OF COURT NOTED PETITIONER THAT TRANSCRIPTS WILL BE SENT TO PETITIONER

(b) List names and addresses of witnesses who could testify in support of your claim. If you cannot do so, explain why:
FADRA WHITE DEPUTY CLERK 22 ND JUDICIAL DISTRICT COURT ST. TAMMANY PARISH DIV-J

(c) If you failed to raise this ground in the trial court prior to conviction, on appeal or in a prior application, explain why: APPELLATE COUNSEL FAILED TO RAISE THESE GROUNDS UPON PETITIONER BEHALF

You may attach additional pages setting forth the required information (above) if additional claims are asserted.

A. Do you have in a state or federal court any petition or appeal now pending as to the judgment challenged?

Yes [ ] No [✓] If "yes", name the court

NONE

B. Do you have any future sentence to serve after you complete the sentence imposed by the judgment

challenged? Yes [ ] No [✓]

(1) If so, give name and location of court which imposed sentence to be served in the future:

NONE

(2) Give date and length of sentence to be served in the future:

NONE

(3) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future? Yes [ ] No [✓]

C. If a copy of the court order sentencing you to custody is not attached, explain why.

NONE

WHEREFORE, petitioner prays that the Court grant petitioner relief to which he may be entitled.

Carl Duperon
Signature of Petitioner

6/25/13
Day/Month/Year

## APPLICATION FOR APPOINTMENT OF COUNSEL

I am unable to employ counsel to represent me in this matter because I have no assets or funds except:

FUNDS TO MAKE IT DO WHILE INN PRISON

(Write "None" above if you have nothing; otherwise, list your assets including funds in prison accounts.)

JUST FUNDS TO LIVE ON IN PRISON

Signature of Petitioner

## AFFIDAVIT

STATE OF LOUISIANA

PARISH OF East Feliciana

CARL DUPERON, being first duly sworn says that he has read the
(Name of Petitioner)

foregoing application for post-conviction relief and swears or affirms that all of the information therein is true and correct. He further swears or affirms that he is unable to employ counsel because he has no assets or funds which could be used to hire an attorney except as listed above. [Delete reference to appointment of counsel if inapplicable.]

Carl Duperon
Signature of Petitioner

SWORN TO AND SUBSCRIBED before me this 25 day of JUNE 2013

[signature] 90575
Notary Public or other person authorized to administer an oath.
ROBERT R HARRISON 90575

## CLAIM 1 ATTACHMENT

1. TRIAL ATTORNEY FAILURE TO CHALLENGE THE OVERALL EVIDENCE FOR REASONABLE DOUBT, ALSO SUBPOENAING WITNESS OF ANONYMOUS TIP AND WITNESS OF THE RESIDENCE WHICH BELIEVED TO BE VACANTED.
2. TRIAL ATTORNEY FAIL TO CHALLENGE WITNESSES TESTIMONY WHEN ALL GREAT WEIGHT WAS SHOWING IN PETITIONER FAVOR, AND APPEAL COURT JUDMENT RENDERED: DEC. 21 2012 THAT TRIAL ATTORNEY DID NOT RAISE THESE ARGUMENTS TO THE TRIAL COURT.
3. TRIAL ATTORNEY FAILED TO INVESTIGATE THE EVIDENCE TO SUPPORT PETITIONER NOT GUILTY PLED THAT FORESEEABLE HUMAN LIFE MIGHT BE ENDANGERED, AND THIS REPRESENTATION HAD PETITIONER CONVICTED.
4. TRIAL ATTORNEY FAIL TO ATTACK TESTIMONY OF WITNESS FIREMAN EXPERT DONALD ESTES THAT THE FIRE COULD HAVE BEEN STARTED WITH A LIGHTER, BUT THE WITNESS WAS NT SURE IF IT WAS A LIGHTER. WITNESS BROWN TESTIFY PETITIONER HAD LIGHTER BURNS ON HIS FINGERS, WHY PETITIONER WAS'N TAKEN TO A HOSPITAL FOR BURN EVIDENCE.
5. THE TRIAL ATTORNEY FAIL TO ATTACK DETECTIVE BROWN AND WITNESS LIEUTENANT DUPUY TESTIMONY THAT COMBUSTIBLE MATERIALS WAS FOUND INN PETITIONER VEHICLE, AND PETITIONER CLOTHING SMELLING FAINTLY, ALSO A TWO LITER BOTTLE OF GASOLINE. ATTORNEY SHOULD HAVE ATTACKED THESE WITNESSES ABOUT THIS EVIDENCE NOT BEING TESTED.
6. LT. DUPUY TESTIFY THAT IT WAS ODD THAT A VEHICLE WAS EXITING A VACANT RESIDENCE, SO WHY DID'N HE MAKE A TRAFFIC STOP THEN. HE STOPED PETITIONER BLOCKS AWAY, TRIAL ATTORNEY FAIL TO ATTACK THIS.

## CLAIM 2 ATTACHMENT

1. APPELLATE ATTORNEY ONLY ARGUMENT IS THAT THE COURT DENIED PETITIONER MOTION TO SUPPRESS EVIDENCE WHICH WAS SEIZED WITHOUT A WARRANT, OFFICERS DID NOT HAVE REASONABLE SUSPICION THAT PETITIONER COMMITTED A CRIME WHILE CONDUCTING A TRAFFIC STOP.

CONTINUE CLAIM 2 ATTACHMENT

2. BY THE CLERK OF COURT NOT APPLYING APPELLATE AND PETITIONER WITH A COPY OF THE TRIAL TRANSCRIPTS IS A FAILURE FOR APPELLATE TO FILE ALL OF THE ERRORS ON PETITIONER BRIEF.
3. APPELLATE COUNSEL NOTED PETITIONER THAT APPELLATE COULD NOT GET PETITIONER TRANSCRIPTS TO FILE PETITIONER BRIEF, PETITIONER IS SENDING THE COPY OF THAT NOTE.
4. APPELLATE COUNSEL FAILING TO HAVE PETITIONER TRANSCRIPTS MADE IT HARD TO SHOW THE APPEAL COURT TRIAL ERRORS APPELLATE SHOULD HAVE ATTACKED, BY APPELLATE NOT HAVEING PETITIONER TRANSCRIPTS TO ATTACK ALL OF THE ERRORS. WELL ALL OF THESE FACTS MADE PETITIONER CONVICTION AND SENTENCE AFFIRMED.

CLAIM 3 ATTACHMENT

1. CLERK OF COURT NOTED TO SEN PETITIONER A COPY OF THE COURT TRANSCRIPTS, PETITIONER ALSO IS SENDING A COPY OF THE LETTER THAT THE CLERK OF COURT SENT PETITIONER.
2. PETITIONER FILED A MOTION TO THE 22ND JUDICIAL DISTRICT COURT TO GET PETITIONER TRANSCRIPTS INN MARCH 2012. AND THE CLERK OF COURT ANSWER'S PETITIONER ON MARCH 12, 2012.

POST-CONVICTION JUDGMENT

STATE OF LOUISIANA

VERSUS

CARL ANTHONY DUPERON

FILED: Aug 14, 2013

NO. 509240 "J"

22ND JUDICIAL DISTRICT COURT

PARISH OF ST. TAMMANY

STATE OF LOUISIANA

DEPUTY CLERK

**JUDGMENT**

In accordance with the foregoing Reasons for Judgment;

IT IS ORDERED, ADJUDGED, AND DECREED that petitioner Carl Duperon's Application for Post Conviction Relief be and is hereby denied and dismissed in its entirety.

Covington, Louisiana, this 14th day of August, 2013.

William J. Knight, Judge
22nd Judicial District, Division "J"

A TRUE COPY
DY CLERK 22nd Jud. Dist. Court
ST. TAMMANY PARISH, LA

Malise Prieto
Clerk of Court
22nd Judicial District
Parish of St. Tammany

P.O. Box 1090
Covington, LA 70434
(985) 809-8700

August 15, 2013

CARL A. DUPERON- DOC# 101335
DIXON CORRECTIONAL INSTITUTE
DORM 1-B-40 UNIT-2
P.O. BOX 788
JACKSON, LA. 70748

Re: DIVISION J
State of La.
Vs. #509240
CARL ANTHONY DUPERON

Dear Sir/Madam:

Enclosed, Please find a certified copy of the Judgment prepared by Judge William Knight in response to your Application for Post Conviction Relief.

Yours very truly,

Fadra White
Deputy Clerk

**STATE OF LOUISIANA**

**VERSUS**

**CARL ANTHONY DUPERON**

**NO. 509240"J"**

**22ND JUDICIAL DISTRICT COURT**

**PARISH OF ST. TAMMANY**

**STATE OF LOUISIANA**

**FILED:** Aug. 14, 2013 ______ **DEPUTY CLERK**

**REASONS FOR JUDGMENT**

On July 9, 2013, petitioner Carl Duperon filed an application for Post Conviction Relief. On July 12, 2013, the Court ordered the State to file an answer or procedural objections thereto. On July 25, 2013, the State filed its answer. After considering the application for Post Conviction Relief, the State's answer, and the applicable law, the Court now renders the following reasons for judgment denying petitioner Carl Duperon's Application for Post Conviction Relief.

Defendant Duperon was found guilty of aggravated arson after a jury trial. He was later sentenced to twenty years as a third felony offender. His conviction and sentence were affirmed by the First Circuit Court of Appeal on December 21, 2012. In his application, petitioner Duperon raises three claims of relief: ineffective assistance of counsel and that the clerk failed to forward transcripts to appellate counsel.

First, petitioner states that his trial counsel failed to challenge evidence and witness testimony at trial and that counsel failed to investigate evidence which would have supported petitioner's case. However, petitioner Duperon fails to identify with specificity what these challenges and/or investigations would have revealed and how the outcome of the trial would have been different. Petitioner can not support a claim of ineffective assistance of counsel by merely relying on conclusory allegations. The Court finds that petitioner Duperon has failed to carry his burden of proving that his counsel was ineffective, and the Court dismisses this claim asserted by petitioner Duperon in its entirety.

Petitioner Duperon next claims that his appellate counsel was ineffective because she did not have the transcripts relative to this matter when she was preparing petitioner's appellate brief. It is clear from the attached letters from appellate counsel to petitioner that counsel received the entire record from the appellate court which contained the relevant transcripts. Therefore, the Court finds that this claim is likewise without merit and it is denied.

Petitioner Duperon's third claim is that the clerk of court failed to send him a copy of the court transcripts. This is simply not an appropriate basis for post conviction relief. The Court denies this claim in its entirety.

Accordingly, the Court denies petitioner Carl Duperon's Application for Post Conviction Relief in its entirety.

Covington, Louisiana, this 14th day of August, 2013.

William J. Knight, Judge
22nd Judicial District, Division "J"

A TRUE COPY
DY CLERK 22nd Jud. Dist. Court
ST. TAMMANY PARISH, LA

Office Of The Clerk
**Court of Appeal, First Circuit**
State of Louisiana
www.la-fcca.org

**Christine L. Crow**
**Clerk of Court**

**Post Office Box 4408**
**Baton Rouge, LA**
**70821-4408**
**(225) 382-3000**

**Notice of Judgment and Disposition**

November 04, 2015

Docket Number: 2015 - KW - 1375

State Of Louisiana
versus
Carl A. Duperon

TO: Carl A. Duperon
U2D1
Dixon Correctional Institute
PO Box 788
Jackson, La 70748

Hon. William J. Knight
701 N. Columbia Street
Covington, LA 70433

Warren LeDoux Montgomery
701 N. Columbia Street
Covington, LA 70433
wmontgomery@22da.com

In accordance with Local Rule 6 of the Court of Appeal, First Circuit, I hereby certify that this notice of judgment and disposition and the attached disposition were transmitted this date to the trial judge or equivalent, all counsel of record, and all parties not represented by counsel.

CHRISTINE L. CROW
CLERK OF COURT

# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

NO. 2015 KW 1375

VERSUS

CARL A. DUPERON

NOV 04 2015

---

In Re: Carl A. Duperon, applying for supervisory writs, 22nd Judicial District Court, Parish of St. Tammany, No. 509,240.

---

**BEFORE: WHIPPLE, C.J., WELCH AND DRAKE, JJ.**

**WRIT DENIED.**

**JEW**
**EGD**
**VGW**

COURT OF APPEAL, FIRST CIRCUIT

[signature]

DEPUTY CLERK OF COURT
FOR THE COURT

# Supreme Court
STATE OF LOUISIANA
New Orleans

CHIEF JUSTICE
BERNETTE J. JOHNSON Seventh District
JUSTICES
GREG G. GUIDRY First District
SCOTT J. CRICHTON Second District
JAMES T. GENOVESE Third District
MARCUS R. CLARK Fourth District
JEFFERSON D. HUGHES III Fifth District
JOHN L. WEIMER Sixth District

JOHN TARLTON OLIVIER
CLERK OF COURT

400 Royal St., Suite 4200
NEW ORLEANS, LA 70130-8102

TELEPHONE (504) 310-2300
HOME PAGE http://www.lasc.org

March 13, 2017

Honorable William J. Knight
Judge, 22nd Judicial District Court
Division J, Room 2062
701 N. Columbia Street
Covington, LA 70433

In Re: State Ex Rel. Carl A. Duperon
Vs.
State of Louisiana
No. 2015-KH-2154

Dear Judge Knight:

Attached is a copy of an action sheet and per curiam issued by this Court in the above entitled matter which are self-explanatory.

With kindest regards, I remain,

Very truly yours,

John Tarlton Olivier
Clerk of Court
*Robin A. Burras*
By: Robin A. Burras
Deputy Clerk of Court

ccs: All Counsel of Record

# The Supreme Court of the State of Louisiana

**STATE EX REL. CARL A. DUPERON**

NO. 2015-KH-2154

**VS.**

**STATE OF LOUISIANA**

------

IN RE: Carl A. Duperon; - Plaintiff; Applying For Supervisory and/or Remedial Writs, Parish of St. Tammany, 22nd Judicial District Court Div. J, No. 509240; to the Court of Appeal, First Circuit, No. 2015 KW 1375;

------

**March 13, 2017**

Denied. See per curiam.

MRC

JLW

GGG

JDH

SJC

JTG

Supreme Court of Louisiana
March 13,2017

[signature]

**Deputy** Clerk of Court
For the Court

**SUPREME COURT OF LOUISIANA**

**No. 15-KH-2154**

MAR 13 2017

**STATE EX REL. CARL A. DUPERON**

**v.**

**STATE OF LOUISIANA**

**ON SUPERVISORY WRITS TO THE TWENTY-SECOND JUDICIAL DISTRICT COURT, PARISH OF ST. TAMMANY**

**PER CURIAM:**

MRC Denied. Relator fails to show he received ineffective assistance of counsel under the standard of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We attach hereto and make a part hereof the District Court's written reasons denying relator's application.

Relator has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, *see* 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended La.C.Cr.P. art. 930.4 to make the procedural bars against successive filings mandatory. Relator's claims have now been fully litigated in state collateral proceedings in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The District Court is ordered to record a minute entry consistent with this per curiam.

STATE OF LOUISIANA

VERSUS

CARL ANTHONY DUPERON

NO. 509240"J"

22ND JUDICIAL DISTRICT COURT

PARISH OF ST. TAMMANY

STATE OF LOUISIANA

FILED: Aug. 14, 2013 DEPUTY CLERK

REASONS FOR JUDGMENT

On July 9, 2013, petitioner Carl Duperon filed an application for Post Conviction Relief. On July 12, 2013, the Court ordered the State to file an answer or procedural objections thereto. On July 25, 2013, the State filed its answer. After considering the application for Post Conviction Relief, the State's answer, and the applicable law, the Court now renders the following reasons for judgment denying petitioner Carl Duperon's Application for Post Conviction Relief.

Defendant Duperon was found guilty of aggravated arson after a jury trial. He was later sentenced to twenty years as a third felony offender. His conviction and sentence were affirmed by the First Circuit Court of Appeal on December 21, 2012. In his application, petitioner Duperon raises three claims of relief: ineffective assistance of counsel and that the clerk failed to forward transcripts to appellate counsel.

First, petitioner states that his trial counsel failed to challenge evidence and witness testimony at trial and that counsel failed to investigate evidence which would have supported petitioner's case. However, petitioner Duperon fails to identify with specificity what these challenges and/or investigations would have revealed and how the outcome of the trial would have been different. Petitioner can not support a claim of ineffective assistance of counsel by merely relying on conclusory allegations. The Court finds that petitioner Duperon has failed to carry his burden of proving that his counsel was ineffective, and the Court dismisses this claim asserted by petitioner Duperon in its entirety.

Petitioner Duperon next claims that his appellate counsel was ineffective because she did not

Petitioner Duperon's third claim is that the clerk of court failed to send him a copy of the court transcripts. This is simply not an appropriate basis for post conviction relief. The Court denies this claim in its entirety.

Accordingly, the Court denies petitioner Carl Duperon's Application for Post Conviction Relief in its entirety.

Covington, Louisiana, this 14th day of August, 2013.

William J. Knight, Judge
22nd Judicial District, Division "J"

A TRUE COPY
BY CLERK 22nd Jud. Dist. Court
ST. TAMMANY PARISH, LA

Carl Duperon #101335
P.O. Box 788 Dorm 1
Jackson, La
70748

US POSTAGE PITNEY BOWES
ZIP 70748 $ 003.29⁰
02 4W
0000338213 MAR 27 2017

U.S. Eastern District
500 Poydras St. Rm C15
New Orleans, La.
70130