UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CARL A. DUPERON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-2683** |
| **JASON KENT, WARDEN** | **SECTION "B"(4)** |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

### I.     Factual and Procedural Background

The petitioner, Carl Duperon ("Duperon"), is a convicted inmate incarcerated in the Dixon Correctional Institute in Jackson, Louisiana.[2] On July 28, 2011, Duperon was charged by Bill of Information in St. Tammany Parish with aggravated arson.[3] Duperon entered a plea of not guilty to the charge on August 29, 2011.[4]

The record reflects that, around 9:30 p.m. on June 5, 2011, Lieutenant Kevin Dupuy of the Slidell Police Department received a complaint from a motorist that a thin, black male in a light-

---

[1] Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2] Rec. Doc. No. 3.

[3] St. Rec. Vol. 1 of 3, Bill of Information, 7/28/11.

[4] St. Rec. Vol. 1 of 3, Minute Entry, 8/29/11.

colored shirt was attempting to set fire to a small, blue building on U.S. Highway 190, also known as Gause Boulevard.[5]  Lieutenant Dupuy and other officers initially had difficulty locating the building.  As he was canvassing the general area, Lieutenant Dupuy saw a silver BMW pull out of the driveway of what he thought was a small, vacant residence at 826 Gause Boulevard.  After following the BMW for approximately two blocks, Lieutenant Dupuy executed a traffic stop of the car, which was being driven by Duperon.

When Duperon exited the car, Lieutenant Dupuy could see that he was a thin, black male wearing a pink shirt matching the description given by the motorist.  In response to Lieutenant Dupuy's questioning, Duperon admitted that he had been at the residence at 826 Gause Boulevard where he was looking for a friend who owed him money.  Lieutenant Dupuy looked into Duperon's car and saw an open Budweiser can on the driver's side floorboard.  He also saw on the passenger side floorboard a two-liter Sprite bottle containing a clear liquid sitting in a mop bucket.  The officer later found and seized a lighter from the car.

Lieutenant Dupuy radioed the other responding officers to check the residence at 826 Gause Boulevard for any potential signs of arson.  Deputy Jacob Morris soon responded that smoke was emanating from the back side of the house.  Lieutenant Dupuy immediately arrested Duperon.

Deputy Morris and another officer were able to put the small flame out with a fire extinguisher.  As Deputy Morris was attempting to extinguish the fire, the owner of the residence called out of the window to ask why the officers were on her property, as she was unaware that her home was on fire.

---

[5]The facts were taken from the unpublished opinion of the Louisiana First Circuit Court of Appeal on direct appeal.  *State v. Duperon*, No. 2012-KA-0810, 2012 WL 6681847, at *1-*2 (La. App. 1st Cir. 2012); St. Rec. Vol. 3 of 3, 1st Cir. Opinion, 2012 KA 0810, 12/21/12.

After his arrest, Duperon was taken to the police station and read his *Miranda* rights before being interviewed by Detective Brian Brown.  Duperon told Detective Brown that he was searching for a friend who owed him money.  Detective Brown informed Duperon that the liquid inside of the Sprite bottle smelled like gasoline.  In response, Duperon told Detective Brown that it was for his weed-eater.  Duperon did not respond when Detective Brown told him that weed-eaters often use a gas and oil mixture.  Detective Brown also noticed that Duperon's clothing smelled faintly of smoke and that he appeared to have lighter burns on the tips of his fingers.

Duperon was tried before a jury on February 13 and 14, 2012, and was found guilty as charged of aggravated arson.[6]  At a hearing held on February 23, 2012, the Trial Court denied Duperon's motions for a new trial and for post-verdict judgment of acquittal.[7]  After waiver of legal delays, the Court sentenced Duperon to serve eighteen (18) years in prison at hard labor, with the first two years to be served without benefit of parole, probation, or suspension of sentence.[8] The Court also denied Duperon's motion to reconsider the sentence.[9]

On direct appeal, Duperon's appointed counsel argued that the Trial Court erred in denying the motion to suppress the evidence seized from the car without a warrant where there was no reasonable suspicion to make the traffic stop.[10]  Duperon also argued on his own behalf that the

---

[6]St. Rec. Vol. 1 of 3, Trial Minutes, 2/13/12; Trial Minutes, 2/14/12; Jury Verdict, 2/14/12; Trial Transcript, 2/13-14/12; St. Rec. Vol. 2 of 3, Trial Transcript (continued), 2/13-14/12.

[7]St. Rec. Vol. 2 of 3, Sentencing Minutes, 2/23/12; Motion for New Trial, 2/16/12; Motion for Post-Verdict Judgment of Acquittal, 2/16/12.

[8]St. Rec. Vol. 4 of 12, Sentencing Minutes, 2/23/12; St. Rec. Vol. 2 of 3, Sentencing Transcript, 2/23/12.

[9]St. Rec. Vol. 1 of 3, Motion to Reconsider Sentence, 2/23/12; Trial Court Order, 3/12/12; Sentencing Minutes, 2/23/12.

[10]*Duperon*, 2012 WL 6681847, at *2; St. Rec. Vol. 3 of 3, 1st Cir. Opinion, 2012 KA 0810, p. 4, 12/21/12.

3

Trial Court erred in denying the motion to suppress where the officer had not corroborated the anonymous tip before making the traffic stop and the evidence was insufficient to support the verdict.[11]  On December 21, 2012, the Louisiana First Circuit affirmed Duperon's conviction and sentence because the challenges to the denial of the motion to suppress were procedurally barred from review under La. Code Crim. P. arts. 703(F) and 841 for lack of contemporaneous objection, and the insufficient evidence claim had no merit.[12]

Duperon's conviction and sentence became final thirty (30) days later, on Tuesday, January 22, 2013,[13] because he did not file for rehearing or seek review in the Louisiana Supreme Court. *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) (citing *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003) (appeal is final when the state defendant does not timely proceed to the next available step in an appeal process).

Five months later, on June 25, 2013, Duperon submitted an application for post-conviction relief to the Trial Court in which he raised the following grounds for relief:[14] (1) ineffective assistance of trial counsel for failure to challenge the denial of the motion to suppress, failure to challenge the trial evidence and witness testimony, and failure to investigate his innocence; (2) ineffective assistance of appellate counsel for failure to raise more than one error and not obtain

---

[11]*Id.*, at *2, *3; St. Rec. Vol. 3 of 3, 1st Cir. Opinion, 2012 KA 0810, pp. 4, 6, 12/21/12.

[12]*Id.*, at *3, *5; St. Rec. Vol. 3 of 3, 1st Cir. Opinion, 2012 KA 0810, pp. 4, 6, 12/21/12.

[13]Pursuant to La. S. Ct. R. X § 5, petitioner had 30 days from the issuance of the state appellate court's decision to mail or file a timely writ application in the Louisiana Supreme Court, which he did not do.  The thirtieth was Sunday, January 20, 2013.  The next day, Monday, January 21, 2013, was Martin Luther King Day, a federal and state holiday.  The deadline therefore fell to the next business day, Tuesday, January 22, 2013.  *See* La. Code Crim. P. art. 13 (weekends and holidays not included in calculation when it would be the last day of the period).

[14]St. Rec. Vol. 3 of 3, Application for Post-Conviction Relief, 7/9/13 (dated 6/25/13).

4

the transcripts for review; and (3) the clerk of court failed to get transcripts to appellate counsel to file the appeal brief.  After receiving a response from the State, the Trial Court denied the application as meritless on August 15, 2013, finding the first issue conclusory, the second factually incorrect, and the third not proper for post-conviction review.[15]  Duperon did not seek timely review of this ruling.

Almost five months later, on January 9, 2014, Duperon signed and submitted a federal habeas petition to this Court in which he asserted the following grounds for relief:[16] (1) investigation into the issues discussed in his *pro se* brief on appeal and in his post-conviction application would have revealed a different outcome at trial; (2) ineffective assistance of trial counsel for failure to adequately represent the petitioner; (3) ineffective assistance of appellate counsel for failure to adequately represent petitioner and advise him of the deadlines to seek review in the Louisiana Supreme Court; and (4) the clerk of court failed to get transcripts to appellate counsel to file petitioner's brief.  After due proceedings, Duperon's federal petition was dismissed without prejudice on August 13, 2015, for failure to exhaust state court remedies.[17]

On September 4, 2015, Duperon signed and submitted an untimely[18] writ application to the Louisiana First Circuit seeking review of the state trial court's August 15, 2013 order denying his

---

[15]St. Rec. Vol. 3 of 3, Reasons for Judgment, 8/14/13; Trial Court Judgment, 8/14/13; State's Response, 7/25/13.

[16]Civ. Action No. 14-0323"B," Rec. Doc. No. 3.

[17]Civ. Action No. 14-0323"B," Rec. Doc. Nos. 12, 14, 15.

[18]Under La. App. R. 4-3, petitioner had 30 days from issuance of the lower court's order to file a writ application.

post-conviction application.[19]  The Louisiana First Circuit denied the writ application on November 4, 2015, without stated reasons.[20]  The Louisiana Supreme Court also denied Duperon's related writ application on March 13, 2017, noting that he failed to show that he received ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984).[21]

## II.     Current Federal Petition

On April 14, 2017, after the correction of certain deficiencies, the clerk of this Court filed Duperon's current federal petition for habeas corpus relief in which he failed to identify any specific grounds for relief, and instead directed the court to "see attached copies of all filings in this case."[22]  Attached to his petition are copies of some of his counsel-filed appellate brief, his post-conviction application, related appellate writ applications, the prior state court rulings on each, and the ruling of this federal district court on his prior habeas.  Affording Duperon the broadest of review, the Court will presume that he intended to assert here all of the claims raised to the state courts on direct and post-conviction review and the claims presented in his prior federal habeas petition: (1) [direct appeal] the Trial Court erred in denying the motion to suppress the evidence seized from the car without a warrant where there was no reasonable suspicion to make the traffic stop; (2) [direct appeal] the Trial Court erred in denying the motion to suppress where the officer had not corroborated the anonymous tip before making the traffic stop and that the evidence was insufficient to support the verdict; (3) [state post-conviction and prior federal habeas]

---

[19]St. Rec. Suppl. Vol. 1 of 1, 1st Cir. Writ Application, 2015-KW-1375, dated 9/4/15.

[20]St. Rec. Suppl. Vol. 1 of 1, 1st Cir. order, 2015-KW-1375, 11/4/15.

[21]*State ex rel. Duperon v. State*, 213 So.3d 1144 (La. 2017); St. Rec. Vol. 3 of 3, La. S. Ct. Order, 2015-KH-2154, 3/13/17; La. S. Ct. Writ Application, 15-KH-2154, 11/25/15 (dated 11/16/15).

[22]Rec. Doc. No. 3, p. 4.

6

ineffective assistance of trial counsel for failure to challenge the denial of the motion to suppress, failure to challenge the trial evidence and witness testimony, and failure to investigate his innocence; (4) [state post-conviction and prior federal habeas] ineffective assistance of appellate counsel for failure to raise more than one error and not obtain the transcripts for review; (5) [state post-conviction and prior federal habeas] the clerk of court failed to get transcripts to appellate counsel to file the appeal brief; and (6) [prior federal habeas] investigation into the issues discussed in his *pro se* brief on appeal and in his post-conviction application would have revealed a different outcome at trial.

The State filed a response in opposition to Duperon's federal habeas petition asserting that the petition was not timely filed.[23] Alternatively, the State contends that Duperon's only exhausted claims, the three ineffective assistance of counsel claims, are without merit.[24]

### III.    General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[25] applies to this petition, which is deemed filed in this Court no later than March 24, 2017.[26] The threshold questions on habeas review under the amended statute are

---

[23] Rec. Doc. No. 11.

[24] The State inexplicably does not acknowledge the additional claims presented in Duperon's attachments to the petition and instead focuses only on the three claims raised on state post-conviction review.

[25] The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[26] The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting *pro se*. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149

whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State urges that Duperon's federal petition be dismissed as untimely filed under the AEDPA. The State acknowledges that Duperon has only exhausted state court review of claims 3, 4, and 5 above, the three ineffective assistance of counsel claims raised on state post-conviction. Although the State does not assert the exhaustion defense, it is clear from the record that Duperon still has failed to exhaust state court review of his two claims raised on state direct appeal (claims 1 and 2 above) and the claim raised for the first time before this federal court (claim 6 above). Nevertheless, because Duperon's federal petition was not timely filed, the State's limitations defense is dispositive in this case.

## IV.     Statute of Limitations

The AEDPA requires a petitioner to bring his § 2254 claim within one year of the date his conviction became final.[27] *Duncan v. Walker*, 533 U.S. 167, 176-80 (2001). As stated above,

---

F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of court received Duperon's federal habeas petition on March 29, 2017, and filed it on April 14, 2017, when the filing fee was received. Duperon dated his signature on the petition on March 24, 2017, which is the earliest date appearing in the record on which he could have submitted the pleadings to prison officials for mailing to a federal court. The fact that he paid the filing fee at a later date does not alter the application of the federal mailbox rule to his *pro se* petition. *See Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002).

[27]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
A.     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
B.     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

8

Duperon's conviction was final under federal law on January 22, 2013. Pursuant to § 2244, Duperon had one year from that date, or until January 22, 2014, to timely file a federal application for habeas corpus relief. While he did file a federal habeas petition prior to that date, his first unexhausted federal petition did not act to toll the AEDPA statute of limitations, and his current federal petition filed March 24, 2017, is not timely. The Court will address that petition and the other factors relevant to tolling as provided for under the AEDPA.

### A.  Statutory Tolling

Section 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. *See* 28 U.S.C. § 2244(d)(2). In order for a state post-conviction application to be considered "properly filed" within the meaning of § 2244(d)(2), the applicant must have complied with all of the State's procedural requirements, such as timeliness and place of filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Williams v. Cain*, 217 F.3d 303, 306-08 & n.4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000)); *Villegas v. Johnson*, 184 F.3d 467, 468-69 (5th Cir. 1999), *reh'g denied*, 196 F.3d 1259 (5th Cir. 1999). For purposes of the AEDPA, a timeliness calculation in Louisiana requires the application of the prison mailbox rule to state pleadings. *Causey v. Cain*,

---

C.  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
D.  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C. § 2244(d).

9

450 F.3d 601, 604-05 (5th Cir. 2006). The Court has applied this rule in presenting the procedural history recited above.

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams*, 217 F.3d at 310 (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999)) (finding that a matter is "pending" for Section 2244(d)(2) purposes until further appellate review is unavailable under Louisiana's procedures.); *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. *Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (finding that a state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); *Nara v. Frank*, 264 F.3d 310, 316 (3d Cir. 2001), *overruled on other grounds by Carey*, 536 U.S. 214 (finding that a motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. *Godfrey v. Dretke*, 396 F.3d 681, 687-88 (5th Cir. 2005).

In the instant case, the AEDPA filing period began to run on January 23, 2013, the day after Duperon's conviction and sentence were final under federal law. The one-year AEDPA filing period continued to run from that date for 153 days, until June 25, 2013, when Duperon submitted a post-conviction application to the state trial court. The application remained pending and tolled

10

the AEDPA filing period through Monday, September 16, 2013,[28] which was thirty days after the trial court ruled and Duperon did not file for timely review of that order.

The AEDPA filing period began to run again on September 17, 2013, and continued to do so uninterrupted for the remaining 212 days, until April 16, 2014, when it expired. Duperon had no properly filed <u>state</u> application for post-conviction or other collateral review pending in any state court during that time period. Moreover, the record further demonstrates that Duperon has had no properly filed state court pleadings in any state court since that date. He later returned to the Louisiana First Circuit and the Louisiana Supreme Court in 2015 seeking untimely review of the state trial court's 2013 order, and neither of those filings inure to his benefit. As noted previously, however, under La. App. R. 4-3, Duperon had only thirty days to seek review of the August 15, 2013 trial court's order, a deadline he missed by over two years when he submitted the first writ application for filing on September 4, 2015. It is well settled that when a state post-conviction pleading is not timely filed under state law, "'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace*, 544 U.S. at 414.

In addition, federal habeas law does not allow for statutory tolling during the pendency of a prior federal habeas petition like that filed by Duperon during the relevant time period in 2014. The United States Supreme Court has squarely held that an intervening, earlier federal habeas petition is not a <u>state court</u> proceeding and provides no tolling of the AEDPA statute of limitations during its pendency. *Duncan*, 533 U.S. at 181-82 ("We hold that an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the

---

[28]The thirtieth day was Saturday, September 14, 2013, leaving the deadline to fall to the next business day, Monday, September 16, 2013. *See* La. Code Crim. P. art. 13 (weekends and holidays not included in calculation when it would be the last day of the period).

meaning of 28 U.S.C. § 2244(d)(2) . . . [and] therefore did not toll the limitation period during the pendency of respondent's first federal habeas petition.").

Duperon did not file this federal petition until March 24, 2017, which was over two years and eleven months after the AEDPA filing period expired on April 16, 2014. Thus, Duperon's current federal petition was not timely filed and should be dismissed for that reason.

### B. No Equitable Tolling

The post-AEDPA jurisprudence also provides for equitable tolling where rare or extraordinary circumstances may have prevented a diligent petitioner from timely pursuing federal habeas corpus. *Pace*, 544 U.S. at 419; *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999). Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. *Pace*, 544 U.S. at 418-19; *see Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002).

Equitable tolling has only been extended under extraordinary circumstances outside the control of the petitioner. *See Holland v. Florida*, 560 U.S. 631, 652-53 (2010) (finding that equitable tolling was warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests to timely file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); *Hardy v. Quarterman*, 577 F.3d 596, 599-600 (5th Cir. 2009) (finding that equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to

the court.); *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (finding that tolling was warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quotation omitted) ("A garden variety claim of excusable neglect does not support equitable tolling."); *Fisher*, 174 F.3d at 715 (finding that tolling is not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); *Cantu-Tzin*, 162 F.3d at 300 (finding that State's alleged failure to appoint competent habeas counsel did not justify tolling); *Davis*, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended the deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

Duperon has not presented, and the record does not demonstrate, any basis for extending the extraordinary remedy of equitable tolling to the § 2244(d) calculation. The record does not contain any of the extraordinary circumstances previously recognized by the precedent cited above that would warrant equitable tolling. The record instead reflects simply that the petitioner did not timely pursue federal habeas relief. Even if he were afforded some tolling for his prior federal petition, his current petition is still untimely. The first federal petition was resolved by judgment issued August 13, 2015. His current petition was not filed under the mailbox rule until March 24, 2017. With no intervening basis for statutory or equitable tolling (i.e. no properly filed state application for post-conviction or other collateral review), Duperon still allowed another 20 months to pass without having properly filed his second federal petition. There simply is no basis for the rare and extraordinary remedy of equitable tolling in this case.

13

Thus, Duperon's federal petition deemed filed on March 24, 2017, which was over two years and eleven months after the AEDPA filing period expired on April 16, 2014, was not timely filed in this Court and must be dismissed for that reason.[29]

## V.     Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Duperon's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

---

[29]Duperon also cannot excuse his untimely federal petition based on his claims of ineffective assistance of counsel. The United States Supreme Court's holdings in *Martinez v. Ryan*, 566 U.S. 1 (2012) and *Trevino v. Thaler*, 569 U.S. 413, 133 S. Ct. 1911 (2013), do not provide a basis for review of this untimely filed federal petition or his ineffective assistance of trial counsel claims. In *Martinez*, the Court held that a state court imposed "'procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [State's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.'" *Trevino*, 133 S. Ct. at 1914 (quoting *Martinez*, 566 U.S. at 17) (emphasis added). The bar to review at issue in this case arises from petitioner's failure to meet the federal limitations deadline under the AEDPA. The *Martinez* and *Trevino* decisions do not address or provide an excuse for the untimely filing of a federal habeas petition. *See*, *Arthur v. Thomas*, 739 F.3d 611, 631 (11th Cir. 2014) ("Thus, we also hold that the reasoning of the *Martinez* rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period."); *Smith v. Rogers*, No. 14-0482, 2014 WL 2972884, at * 1 (W.D. La. Jul. 2, 2014); *Falls v. Cain*, No. 13-5091, 2014 WL 2702380, at *3 (E.D. La. Jun.13, 2014) (Order adopting Report). These cases also do not constitute new rules of constitutional law made retroactive on collateral review that would start a new one-year filing period under the AEDPA. *See*, *In re Paredes*, 587 F. App'x 805, 813 (5th Cir. 2014) (". . . the Supreme Court has not made either *Martinez* or *Trevino* retroactive to cases on collateral review, within the meaning of 28 U.S.C. § 2244."); *Adams v. Thaler*, 679 F.3d 312, 322 n.6 (5th Cir. 2012). For these reasons, neither *Martinez* nor *Trevino* provide this petitioner a basis for relief from the failure to meet the AEDPA's limitations period.

result from a failure to object. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[30]

New Orleans, Louisiana, this 14th day of December, 2017.

_____
**KAREN WELLS ROBY
CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[30]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.