UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CARL A. DUPERON** |  | CIVIL ACTION |
| VERSUS | | NO. 17-2683 |
| JASON KENT, WARDEN | | SECTION: "B" (4) |

### MEMORANDUM IN SUPPORT OF THE OBJECTION TO THE REPORT AND RECOMMENDATION

NOW INTO COURT, comes Carl A. Duperon, (petitioner herein) *pro-se*, who respectfully objects to the Report and Recommendation of the Magistrate. This written objection timely follows his extension of time granted on January 18, 2018 with a dead-line date of Wednesday, March 7, 2018.

### HISTORY OF THE CASE

This petition arises out of Petitioner's incarceration at the Dixon Correctional Institute in Jackson, Louisiana, stemming from a February 14, 2012, conviction for aggravated arson.

Prior to trial, Petitioner filed a motion to suppress the evidence seized from his vehicle on the grounds that the search of his vehicle "was conducted without the authority of a valid search warrant. After the hearing on Petitioner's motion to suppress, the trial court concluded that the evidence found in Petitioner's vehicle was seized incident to arrest and was not subject to suppression.

ENTERED FOR FILING
FEB 23 2018
U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

___ Fee ___
___ Process ___
_X_ Dktd ___
___ CtRmDep ___
___ Doc. No. ___

After a jury trial that began on February 13, 2012, Petitioner was found guilty of aggravated arson. The trial court denied Petitioner's motions for a new trial and for post-verdict judgment of acquittal at a hearing held February 23, 2012. After Petitioner waived legal delays, the court sentenced him to serve eighteen (18) years in prison at hard labor, with the first two years to be served without the benefit of parole, probation, or suspension of sentence. Petitioner's motion to reconsider the sentence was also denied by that court.

On direct appeal, in his first assignment of error, Petitioner's appointed counsel argued that the trial court erred in denying the motion to suppress the evidence seized from the warrantless search of Petitioner's vehicle, arguing the officers lacked reasonable suspicion for the traffic stop. In his second assignment of error, Petitioner argued that the trial court erred in denying the motion to suppress where the officer did not corroborate the tip before making the traffic stop. Finally, in his third assignment of error, Petitioner argued that the evidence was insufficient to support the verdict. On December 21, 2012, the Louisiana First Circuit Court of Appeal affirmed Petitioner's conviction and sentence, finding the motions to suppress to be procedurally barred from review under La. Code Crim. Proc. arts. 703(F) and 841, and finding no merit in the insufficient evidence claim. Thirty days later, Petitioner's conviction and sentence became final

because he did not file for rehearing or seek review in the Louisiana Supreme Court.

Subsequently, Petitioner submitted an application for post-conviction relief to the original trial court, in which he raised the following grounds for relief: (1) "ineffective assistance of counsel at trial for failure to adequately represent the petitioner;" (2) "ineffective assistance of appellate counsel for failure to adequately represent the petitioner;" and (3) failure by clerk of court to deliver transcripts to appellate counsel to file Petitioner's brief.

The trial court denied the application after receiving a response from the State, finding the first issue to be conclusory, the second to be factually incorrect, and the third not appropriate for post-conviction review. Petitioner did not seek further review of this ruling.

On March 28, 2014, Petitioner filed a petition for habeas corpus relief in which he alleges that the state courts' denial of relief was contrary to federal law on the following four claims: (1) investigation of the issues discussed in his *pro se* brief on appeal would have revealed a different outcome at trial; (2) "ineffective assistance of counsel at trial for failure to adequately represent the petitioner;" (3) "ineffective assistance of appellate counsel for failure to adequately represent the petitioner;" and (4) the clerk of court failed to deliver transcripts to appellate counsel to file Petitioner's brief.

The State responded, conceding that Petitioner's application was timely, but urging that Petitioner failed to exhaust state court remedies as to

all of the claims raised in his petition. Alternatively, the State argued that the issues raised are without merit. Petitioner replied, asking the Court to consider his *pro se* status, his incarceration and limited access to legal materials, and his medical conditions, as grounds for excusing his failure to exhaust his state remedies.

The Petitioner then went ahead and exhausted his state remedies wherein the Louisiana First Circuit Court in number 2015 KW 1375 denied his Writ on November 14, 2015. Thereafter, Petitioner filed Writs with the Louisiana Supreme Court in number 15-KH-2154, which was ultimately denied on March 13, 2017 as well. The Petitioner then re-filed this instant Habeas Corpus wherein the report and recommendation now states that he is time barred.

## ISSUES PRESENTED FOR REVIEW WITH ARGUMENT

The continued incarceration of the Petitioner would be a violation of his Rights to Due Process of Law as: the First Circuit Court of Appeal and Louisiana Supreme Court erred in denying Petitioner's writs. The trial court erred in denying the claims raised by the Petitioner in the post-conviction proceeding, as well as the First Circuit and Supreme Court denying the claims. The Petitioner was denied effective counsel as guaranteed by his Six Amendment to Effective Assistance of counsel, when counsel failed to perform with due diligence.

The petitioner's claims are plainly untimely if calculated from the date that his conviction became final. However, 2244(d) also allows that the limitation period may begin to run from "the date on which the claims were filed through the exercise of due diligence." 28 U.S.C. 2244(d)(1)(D).

The petitioner received the first ruling on his 2254 petition in October of 2014, and discovered thereafter that he should have exhausted his state remedies. Thus, if the date of discovery is calculated from receipt of the record in October of 2014, the one-year time limit had already been exceeded by the time it was tolled with the petitioner's instant 2254 petition.

Although statutory tolling is not available during the pendency of federal habeas proceedings, the Supreme Court has not addressed whether equitable tolling should be available during that same period. **Duncan v. Walker,** 533 U.S. 167, 121 S. Ct. 2120, 2124-25, 2128-29, 150 L. Ed. 2d 251 (2001). The Supreme Court has held that a state habeas petitioner is entitled to equitable tolling of 2244(d)'s limit upon a showing that "(1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." **Holland v. Florida,** 560 U.S. 631, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010) (internal quotations omitted). It is the petitioner's burden to establish that equitable tolling is warranted. **Phillips v. Donnelly,** 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (5th Cir. 2000).

A review of Petitioner's filings show that the Petitioner has been pursuing his rights diligently by awaiting the resolution of his state remedies as directed by this court before he introduced this instant petition, and that as a result, this should satisfy the first prong of *Holland*. Accordingly, this court should not invoke untimeliness as a bar to Petitioner's instant petition.

## CUMULATIVE ERROR ANALYSIS LAWS AND ARGUMENT

The continued incarceration of the Petitioner would be a violation of his Rights to Due Process of Law as: the First Circuit Court of Appeal and Louisiana Supreme Court erred in denying Petitioner's writs. The Petitioner was denied effective counsel as guaranteed by his Six Amendment to Effective Assistance of counsel, when counsel failed to perform with due diligence.

A violation of Due Process and Equal Protection of the Law that is guaranteed under the United States Constitution. U.S.C.A. Const. Amend. (14). Under such an analysis, errors committed during a defendant's trial court proceedings in State Court that are "insignificant individually" to warrant collateral relief, are viewed "collectively" to determine whether the proceedings was fundamentally unfair, and deprived the Petitioner of Due Process. Compare: **Crisp v. Duckworth**, 743 F.2d 580 (1984), in regards to the "cumulative effect" of incompetent acts by defense counsel. See also; **Ewing v. Williams**, 596 F.2d 391 (1979); **U.S. v. Hammands**, 425 F.2d 597 (1970); **Derden v. McNeel**, CA 5, No. 90-1230, 49 Cr. L. 1470 (8-16-91); and

**Fikes v. Alabama,** 77 S.Ct. 281. . . "Under circumstances such as these . . . No single one of these issues alone would justify a reversal. I cannot escape however, the inevitable conclusion that together, "collectively" they bring the result below Plimsoll line of Due Process.

RE: The Due Process in addition to Fundamental Fairness; NOTE: The United States Constitution guarantees a criminal defendant a trial free from fundamental unfairness. Considering the totality, it should be ruled that there is a violation and that Due Process has been afforded on the Petitioner.

## CONCLUSION

In light of the foregoing, the Petitioner respectfully submits his Objection to the Report and Recommendation of the Magistrate Judge to his Habeas Corpus Petition. The petitioner respectfully seeks a Certificate of Appealability and that this Honorable Court reviews his Habeas Corpus Petition. That this Honorable Court, for good cause shown and in the interest of justice, grants that this Petitioner has established exceptional circumstances that is required by the Constitution of the United States. After due consideration is given, this Honorable Court observes the miscarriage of justice, due to ineffective assistance of the trial counsel. Petitioner was tried, convicted, and sentenced from evidence that was insufficient to support the truth that this crime was done by Petitioner.

Respectfully submitted;

_____
Carl A. Duperon # 101335

7

## CERTIFICATE OF SERVICE

I, Carl A. Duperon, hereby certify that a copy of the foregoing Objection to the Report and Recommendation of the Magistrate Judge has been served upon the Orleans Parish District Attorney's Office by depositing a copy of the same in the United States Mail, postage prepaid, and properly addressed.

Thus done and signed this _____ day of **February, 2018**, from Jackson, Louisiana.

X _____
**Carl A. Duperon # 101335**

8

Carl A. Duperon #101335
P.O. Box 788 Dorm-1
Jackson, La. 70748

Legal
mail

BATON ROUGE
LA 708
21 FEB 2018 PM

7013 3030 3357

Clerk of Court
500 Poydras St. C-151
New Orleans, La.
70130