UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CARL A. DUPERON**                                              **CIVIL ACTION**

**VERSUS**                                                       **NO. 17-2683**

**JASON KENT AND ATTORNEY**                                      **SECTION "B"**
**GENERAL STATE OF LOUISIANA**

## ORDER AND REASONS

Before the Court are petitioner Carl Duperon's *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Rec. Doc. 3), the Magistrate Judge's Report and Recommendation ("Report") (Rec. Doc. 12), and petitioner's objections (Rec. Doc. 15). For the reasons enumerated below,

**IT IS ORDERED** that the objections are **OVERRULED;**

**IT IS FURTHER ORDERED** that the Magistrate Judge's Report is **ADOPTED as the opinion of the Court**;

**IT IS FURTHER ORDERED** that petitioner's claims are **DISMISSED WITH PREJUDICE.**

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On February 14, 2012, petitioner was found guilty of aggravated arson. *See* Rec. Doc. 12 at 3. On February 23, 2012, the trial court denied petitioner's motions for a new trial and post-verdict judgement of acquittal. *Id*. The trial court then sentenced petitioner to eighteen years in prison, and subsequently denied his motion to reconsider the sentence. *Id*.

On direct appeal, petitioner argued the trial court erred in denying two of his motions to suppress evidence. *See id.* at 3-4. The first being his motion to suppress evidence seized without a warrant. *Id.* at 3. The second being his motion to suppress an uncorroborated anonymous tip. *Id.* at 3-4. The Louisiana First Circuit Court held that the two challenges were procedurally barred. *See id.* at 4.

Petitioner also asserted the evidence presented at trial was insufficient to support the verdict, a claim that the First Circuit Court found to be meritless. *Id*.

On January 22, 2013, petitioner's sentence and conviction became final as he failed to file for rehearing or seek a writ of certiorari from the Louisiana Supreme Court. *Id; Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) (citing *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003)) (stating that an appeal is final when a state defendant does not timely proceed throughout the appellate process).

On June 25, 2013, petitioner submitted an application for post-conviction relief to the trial court. *See* Rec. Doc. 12 at 4. On August 15, 2013, the application was denied as meritless and petitioner did not seek timely review of this ruling. *Id*. at 5. On January 9, 2014, petitioner filed a federal habeas corpus petition to this Court, seeking relief on several grounds. *Id*. On August

13, 2015, his petition was dismissed without prejudice for failure to exhaust state court remedies. *Id*.

On September 4, 2015, petitioner sought review of the state trial court's August 15, 2013 order denying his post-conviction application. *See id*. at 5. On November 4, 2015, the First Circuit Court denied this writ application. *Id*. at 6. On March 13, 2017, the Louisiana Supreme Court also denied petitioner's writ application, noting his failure to establish ineffective assistance of counsel. *Id*.

On April 14, 2017, petitioner filed the instant application of habeas corpus without identifying specific grounds for relief. *See id*. However, petitioner directed the Court to review all of his prior filings.[1] Accordingly, the Magistrate Judge presumed petitioner intended to submit all previously asserted claims. *Id*.

Specifically, the Magistrate Judge presumed the petitioner's habeas application asks the Court to consider: (1) the trial court's denial of his motion to suppress evidence seized without a warrant; (2) the trial court's denial of his motion to suppress an uncorroborated anonymous tip, and insufficiency of the evidence to support the verdict; (3) his ineffective assistance of trial counsel claim; (4) his ineffective assistance of appellate counsel

---

[1] Petitioner attached copies of the following to his instant petition: his counsel-filed appellate brief, his post-conviction application, related writ applications, the prior state court rulings on each, and this Court's ruling on his prior habeas. *Id*.

3

claim; (5) the clerk of court's failure to deliver paperwork to appellate counsel; and (6) whether certain issues would have revealed a different outcome at trial. *See id.* at 6-7.

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Magistrate Judge Roby recommends that petitioner's instant application be dismissed with prejudice because it is time-barred. *See id.* at 14. Petitioner had one year from the date of his conviction to file a petition for habeas corpus relief. *Id*. at 9. Petitioner did not submit the instant petition until over two years after the applicable one year statute of limitations expired. *Id*. Petitioner's instant petition was untimely and is not excused by statutory or equitable tolling. *Id*. at 13.

**PETITIONER'S OBJECTIONS**

Petitioner asserts four objections to the Report. First, petitioner argues his untimely application is entitled to equitable tolling. Rec. Doc. 15 at 5-6. He awaited the resolution of state remedies, and therefore exercised due diligence in pursuit of his rights. *Id*. at 6. Accordingly, equitable tolling should be granted and the untimeliness of his petition should be overlooked. *Id*.

Second, petitioner argues the Louisiana First Circuit and Louisiana Supreme Court erred in denying his writs. *Id*. at 4. Therefore, his incarceration violates his right to due process of law. *Id*.

Third, petitioner contends he was denied his Sixth Amendment right of effective assistance of counsel because his defense counsel failed to perform with due diligence. *Id*.

Fourth, petitioner argues his right to due process was violated by errors committed during the trial court proceedings. *Id*. at 6. He argues that such errors must be viewed collectively to determine whether the proceedings were fundamentally unfair such that he was deprived of due process. *Id*.

**LAW AND FINDINGS**

The Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") comprehensively amended habeas corpus legislation, including 28 U.S.C. § 2254, for all actions filed after its April 24, 1996 enactment. Subsections 2254(d)(1) and (2) contain revised standards of review for pure questions of fact, pure questions of law, and mixed questions of law and fact. The effect of the amendments "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under the law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

Considering pure questions of fact, factual findings by the state court are presumed to be correct and given deference unless the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the [s]tate court proceeding." 28 U.S.C. § 2254(d)(2). To overcome this presumption, the petitioner must present "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Similarly, the state court's determinations of pure questions of law, and of mixed questions of law and fact, receive deference unless the decision was contrary to, or involved an objectively unreasonable application of Supreme Court precedent. *See Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002); *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). The burden rests on the petitioner to prove the state court's application of precedent to the facts of his case was objectively unreasonable. *Price v. Vincent*, 538 U.S. 634, 641 (2003); *Wright v. Quarterman*, 470 F.3d 581, 585 (5th Cir. 2006).

The AEDPA, in part, requires a petitioner to bring his § 2254 claim within one year of the date his conviction became final. *Duncan v. Walker*, 533 U.S. 167, 179-80 (2001). Specifically, subsection 2244 (d)(2) provides that the time during which a properly filed application for state post-conviction, or other collateral review with respect to the pertinent judgment or claim, is pending shall not be counted toward any period of limitation.

The Supreme Court has held that an intervening, earlier federal habeas petition is not a state court proceeding and provides no tolling of the AEDPA statute of limitations during its pendency. *Id.* at 181-82.

1. Equitable Tolling

Post-AEDPA jurisprudence provides that the limitation may be equitably tolled only when (1) the petitioner has exerted reasonable diligence in pursuit of his rights and (2) there are rare or extraordinary circumstances that prevented the petitioner from timely pursuing federal habeas corpus. *Holland v. Florida*, 130 S.Ct. 2549, 2562-63 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Circumstances that may invoke equitable tolling involve situations where a petitioner was actively misled or prevented in some extraordinary way from asserting his rights. *Pace*, 544 U.S. at 418-19; *see also Hardy v. Quarterman*, 577 F.3d 596, 599-600 (5th Cir. 2009). The petitioner must meet both requirements to be eligible for equitable tolling. *See Coleman v. Johnson*, 184 F.3d 398, 402-03 (5th Cir. 1999) (finding that a clerk's error did not outweigh the petitioner's lack of diligence).

The Fifth Circuit has held that state prisoners who were aware of the finality of their state post-conviction proceedings and waited between four and six months to file federal habeas petitions after the AEDPA limitation began to run did not exercise reasonable diligence. *See Palacios v. Stephens*, 723 F.3d 600, 606 (5th Cir.

7

2013); *Koumjian v. Thaler*, 484 Fed.Appx. 966, 969-70 (5th Cir. 2012) (per curiam) (unpublished) (holding that petitioner had not shown reasonable diligence because his delay in filing "exceed[ed] four and a half months"); *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) (finding that petitioner had not shown reasonable diligence because he "waited more than four months to file his federal habeas petition"); *see also Coleman*, 184 F.3d at 403 (per curiam) (holding that petitioner did not exercise reasonable diligence because he "did not file his § 2254 petition until approximately six months after learning of the denial of his state [post-conviction] application," and "d[id] not explain the six-month delay between being notified about his state application and filing his federal petition").

Petitioner seeks an extension of equitable tolling for his petition. Rec. Doc. 15 at 5. Petitioner asserts he practiced satisfactory diligence under *Holland* by awaiting resolution from the state court before filing the instant petition. *Id*. at 6. Petitioner does not claim a rare or extraordinary circumstance prevented his timely filing. *Id*. at 5-6.

The Court is unconvinced that petitioner pursued federal habeas relief with reasonable diligence. As the record shows, petitioner was denied state post-conviction relief on August 15, 2013 and waited five months after finalization of his conviction, January 9, 2014, to file his first habeas corpus petition to this

Court. *See* Rec. Doc. 12 at 5. He filed the instant petition over three years after finalization of his conviction, March 24, 2017. *See id.* at 13. Petitioner filed both applications in excess of time period that is considered reasonably diligent under the AEDPA; therefore, petitioner failed to exercise reasonable diligence in pursuit of his rights. Additionally, the Court does not find that petitioner has sufficiently demonstrated the second standard of *Holland*. 560 U.S. at 649. Petitioner fails to offer any reason as to why he was prevented from exercising his right to file. Because petitioner has not met either of the *Holland* standards, his first objection has no merit and is overruled.

2. <u>Violation of Due Process</u>

Petitioner asserts that his current incarceration violates his right to due process as the Louisiana First Circuit Court and Louisiana Supreme Court erred by denying his writs. *See* Rec. Doc. 15 at 4. Under the Louisiana Uniform Rules of Courts Appeal, a petitioner has thirty days from the issuance of a lower court's order to file a writ application. LA. APP. R. 4-3.

Here, the state trial court issued an order on August 15, 2013, denying petitioner's post-conviction application. Rec. Doc. 12 at 5-6. Thus, petitioner had until September 15, 2013 to challenge this denial. *Id*. at 5. Petitioner sought review of this denial on September 4, 2015, almost two years after the window had closed. *Id*. Accordingly, petitioner's writ application to the

9

First Circuit was untimely and therefore his second objection is overruled. There is no showing of a due process violation.

3. 6th Amendment Guarantee of Effective Assistance of Counsel

Petitioner claims ineffective assistance of counsel, alleging that his defense counsel failed to perform with due diligence. Rec. Doc. 15 at 4. The issue of ineffective assistance of counsel is a mixed question of law and fact. *Clark v. Thaler,* 673 F.3d 410, 416 (5th Cir. 2012); *Woodfox v. Cain*, 609 F.3d 774, 789 (5th Cir. 2010). Therefore, the question for this Court is whether the state courts' denial of relief was contrary to, or an unreasonable application of, federal law.

To prevail on an ineffective assistance of counsel claim, a petitioner must prove his attorney's performance was deficient, and prejudice therefrom. *Strickland v. Washington*, 466 U.S. 668, 697 (1984). This Court need not address both prongs of the *Strickland v. Washington* standard, but may decide an ineffective assistance of counsel claim on the claim's failure to meet either prong of the test. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999).

To prevail on the deficiency prong, the petitioner must prove counsel failed to meet the constitutional minimum as guaranteed by the Sixth Amendment. *See Little v. Johnson*, 162 F.3d 855, 860 (5th Cir. 1998); *see also Montoya v. Johnson*, 226 F.3d 399, 408 (5th Cir. 2000) (establishing a petitioner must prove counsel's

deficiency by a preponderance of the evidence). An attorney's performance is deficient only when the representation falls below an objective standard of reasonableness. *Strickland,* 466 U.S. at 687–88.

To prove prejudice stemmed from counsel's deficient performance, the petitioner must affirmatively show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Id*. at 694; *see also Day v. Quarterman*, 566 F.3d 527, 536 (5th Cir. 2009).

Petitioner's objection that "counsel failed to perform with due diligence" fails to establish petitioner's counsel was deficient. Rec. Doc. 15 at 4. Petitioner offers no evidence to support this claim. Even if this claim was sufficient under *Strickland*, petitioner makes no claim that counsel's deficient performance prejudiced his defense. 466 U.S. at 694. Petitioner has not demonstrated an effect on the proceedings, and thus does not raise a constitutional question sufficient to support federal habeas relief. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000). In fact, the Louisiana State Supreme Court previously held petitioner failed to establish ineffective assistance of counsel. *See* Rec. Doc. 12 at 6. Thus, the third objection has no merit and as is overruled.

4. <u>Equal Protection under the 14th Amendment</u>

Petitioner alleges errors committed during the trial court proceedings violated his due process and equal protection rights. *See* Rec. Doc. 15 at 6. Petitioner asks that the errors be viewed collectively to determine if the fundamental unfairness of proceedings deprived him of due process. *Id*.

The Fifth Circuit has recognized claims of cumulative errors in strictly narrow circumstances. *See Jackson v. Johnson*, 194 F.3d 641, 655 (5th Cir. 1999) (holding that errors committed in the state trial court must be so pervasive that the trial was fundamentally unfair). For an independent claim composed of cumulative errors to be recognized, each of the individual errors must: (1) involve a constitutional question at the state trial court level; (2) not be procedurally defaulted for habeas corpus purposes; and (3) have "so infected the entire trial that the resulting conviction violates due process." *Derden v. McNeel*, 978 F.2d 1453, 1454 (5th. Cir. 1992) (citing *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)), *cert. denied*, 508 U.S. 960 (1993).

Trial court errors that do not meet these three factors may not be accumulated for review. *Id*. at 1454. "Meritless claims or claims that are not prejudicial cannot be cumulated, regardless of the total number raised." *Westley v. Johnson*, 83 F.3d 714, 726 (5th Cir. 1996) (citing *Derden*, 978 F.2d at 1461). Unspecified, meritless claims cannot be aggregately weighed to entitle

petitioner to relief. *Pondexter v. Quarterman,* 537 F.3d 511, 525 (5th Cir. 2008); *United States v. Hall,* 455 F.3d 508, 520 (5th Cir. 2006); *Miller v. Johnson,* 200 F.3d 274, 286 n.6 (5th Cir. 2000). Regarding analogous claims of cumulative error, the Fifth Circuit Court has held "[t]wenty times zero equals zero." *Mullen v. Blackburn,* 808 F.2d 1143, 1147 (5th Cir. 1987).

Petitioner does not present any specific errors, and none are found in the record, that collectively rendered his trial fundamentally unfair. *See* Rec. Doc. 15 at 6. Without stating explicit claims of errors, petitioner is unable to demonstrate any of his individual claims have merit under the *Derden* factors. *Id*; 978 F.2d at 1454. Thus, the fourth objection has no merit and is dismissed.

New Orleans, Louisiana this 12th day of July 2019

_____
SENIOR UNITED STATES DISTRICT JUDGE